UNITED STATES *v.* BORGFELDT & Co. (No. 2339).[1]

CONSTRUCTION, SECTION 501, TARIFF ACT OF 1922—FINDING IN WRITING BY BOARD IN APPRAISEMENT APPEALS

Following Kuttroff, Pickhardt & Co. (Inc.) *v.* United States (12 Ct. Cust. Appls. 261; T. D. 40269), the direction of section 501, tariff act of 1922, to the board of three general appraisers in appraisement appeals to "state its action in a written decision to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor" is mandatory, and this cause is remanded for such written decision to be made.

United States Court of Customs Appeals, November 4, 1924

APPEAL from Board of United States General Appraisers, Reappraisement Circular No. 33971

[Remanded.]

*William W. Hoppin*, Assistant Attorney General (*John G. Lerch* and *Pelham St. George Bissell*, special attorneys, of counsel), for the United States.
*Thomas J. Doherty* for appellees.

[Oral argument October 16, 1924, by Mr. Lerch and Mr. Doherty]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This is an appeal by the United States from the decision of the Board of General Appraisers upon 19 reappraisements of certain dolls entered by appellees for consumption on various dates from June 14 to November 3, 1922. By stipulation all of said appeals were dis-

[1] T. D. 40482.

missed by the appellant except reappraisements Nos. 11781–A/3770, 11953–A/3936, and 12208–A/4038, which are therefore the only appeals now being considered by this court. The importers appealed from the appraisements made by the local appraisers in these various matters to reappraisement by a single general appraiser, claiming the benefit, upon appraisement, of a 15 per cent discount received by the mporters on the purchase price of the dolls imported. The decision of the general appraiser being favorable in each case to the contention made by the importers, the Government appealed to reappraisement by a board of general appraisers, which board, on hearing, affirmed the decision of the single general appraiser.

Three principal contentions are made by the appellant here: First, that the board erred in not setting forth in a written decision the facts upon which its finding was based and the reasons therefor, as provided in section 501, tariff act of 1922; second, that the board erred in allowing to the importers on reappraisement the discount of 15 per cent allowed them by the manufacturer; and third, that the board erred in holding such a valuation sustained by paragraph b, section 202, emergency tariff act of 1921.

The entries in the three importations involved here were made October 4, October 13, and November 3, 1922. Hence, the appeals are controlled by the tariff act of 1922.—Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056).

This being true, the requirements of the law as regards the decision of the Board of General Appraisers are contained within section 501 of the act of 1922.

On May 14, 1924, a stipulation between the parties, was filed herein to the effect that the decision of the Board of General Appraisers in reappraisement No. 10489–A—

\* \* \* is the same as the papers filed under the same heading in each and all of the reappraisements covered by the above entitled suit (2339).

Said stipulation further provided that the decision in No. 10489–A alone need be printed in the transcript of the record here. It was therefore apparently the purpose of the parties here to have the decision of the board in 10489–A used for the purposes of this litigation; and it will be so considered. It is as follows:

Reappraisement No. 10489–A. Collector's No. 2874. Entry No. 907640–2.

Board of United States General Appraisers

Before Board 3

In the matter of the application for a review of the reappraisement of dolls imported by Geo. Borgfeldt & Co. from Germany.

To the COLLECTOR OF CUSTOMS,
*New York, N. Y.*

SIR: The application for a review of the decision of the General Appraiser made in the foregoing case, coming on to be heard before Board 3, and the board having

considered the case fully on the record before it, finds that the reappraisement in question is in all respects correct and the finding of the General Appraiser is accordingly sustained and affirmed.

BYRON S. WAITE,

EUGENE G. HAY,

*Board of General Appraisers.*

Dated New York, October 15, 1923.

Section 501, act of 1922, provides, in part, as to appeals in reappraisement matters from a single general appraiser to the Board of General Appraisers:

Every such application shall be assigned by the Board of General Appraisers to a board of three general appraisers, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser, and, after argument on the part of the parties if requested by them or either of them, shall affirm, reverse, or modify the decision of the general appraiser or remand the case to the general appraiser for further proceedings and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor.

This court held in Kuttroff, Pickhardt & Co. v. United States (12 Ct. Cust. Appls. 261; T. D. 40269), that the provisions of section 501, above quoted, requiring a written decision by the Board of General Appraisers, setting forth the facts upon which their finding was based and the reasons therefor, was mandatory, and a failure of the said board to comply with the same, on a proper assignment of error, would justify a remanding of the cause. We see no occasion now to depart from either the reasoning used, or the conclusions reached, in that case.

It is obvious that the decision of the Board of General Appraisers now before us, is not such a statement of facts upon which their finding was based and reasons therefor as the statute required. The object of the law requiring such a statement is well expressed by Barber, Judge, in Kuttroff, Pickhardt & Co. v. United States, supra, where it is said that this court, on appeal, and passing upon questions of law only, must know the facts upon which the board based its decision, in order to properly apply the law to such facts.

The difficulties likely to result from such failure to furnish the required statement of facts are apparent in the case now before us. The single general appraiser held, among other things, that the importers were entitled to an allowance of a discount of 15 per cent on appraisement because of the provisions of paragraph B of section 202, emergency tariff act of 1921. It was contended by the Government, and conceded by the importers before the Board of General Appraisers, that this statute had no application whatsoever to the case at bar. The board, however, simply affirmed the decision of the single general appraiser, without specifying the reasons therefor. In this court, the appellant contends that the said statute has no application, and appellees admit this, claiming, however, that the

Board of General Appraisers affirmed the decision of the single general appraiser on other, and different, grounds. Such a state of uncertainty would be obviated if the Board of General Appraisers had followed the directions and requirements of section 501, heretofore quoted, and further emphasizes the necessity of such a statement of facts.

As this case must be reversed and remanded because of the error above suggested, it will not be necessary, nor is it deemed advisable, in the present state of the record, to pass upon the other errors assigned.

*Reversed and remanded.*