SANDOZ CHEMICAL WORKS *v.* UNITED STATES (No. 2378).[1]

CONSTRUCTION, SECTION 501, TARIFF ACT OF 1922—FINDING IN WRITING BY BOARD IN APPRAISEMENT APPEALS.

Following Kuttroff, Pickhardt & Co. (Inc.) *v.* United States (12 Ct. Cust. Appls. 261; T. D. 40269), the direction of section 501, tariff act of 1922, to the board of three general appraisers in appraisement appeals to "state its action in a written decision to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor," is for the purpose of enabling the Court of Customs Appeals to review the decision "upon a question or questions of law only," and is mandatory. The cause is remanded for such written finding to be made. Whether or not a proper adoption by the board of a proper written finding by the single general appraiser would be a compliance with the law is not decided.

United States Court of Customs Appeals, February 17, 1925

APPEAL from Board of United States General Appraisers, G. A. 8728 (T. D. 39965)

[Reversed and remanded.]

*Allan R. Brown* for appellant.

*William W. Hoppin,* Assistant Attorney General (*J. G. Lerch,* special attorney, of counsel) for the United States.

*Marion De Vries* (*De Vries, Doherty, Davis & Lamb* of counsel) amicus curiæ.

[Oral argument November 11, 1924, by Mr. Brown, Mr. Lerch, and Mr. De Vries]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, ·Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the Board of General Appraisers, reversing the judgment of a single general appraiser in the reappraisement of imported merchandise known as pyrazalon, which is a coal tar intermediate used in the manufacture of a fast light-yellow dye.

One of the assignments of error by the appellant is that the board failed to set forth the facts upon which its finding was based, as provided by section 501 of the tariff act of 1922.

---

[1] T. D. 40700.

The pertinent part of section 501 is as follows:

Sec. 501. * * * Every such application shall be assigned by the Board of General Appraisers to a board of three general appraisers, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser, and, after argument on the part of the parties if requested by them or either of them, shall affirm, reverse, or modify the decision of the general appraiser or remand the case to the general appraiser for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. * *, *

The Government interposed a motion in this court to remand the case to the lower court for a finding and statement of facts, as provided by section 501, supra.

It has been held by this court that the provisions of section 501, supra, for findings of fact by the Board of General Appraisers upon which its decision is based, together with a statement of the reasons for such decision, are mandatory.—Kuttroff, Pickhardt & Co. (Inc.) *v.* United States (12 Ct. Cust. Appls. 261; T. D. 40269).

It has been suggested by counsel for the appellant that the single general appraiser stated the facts upon which his finding was made, and therefore this court should, for the purpose of avoiding delay in a final disposition of the case, consider the issues upon such findings of fact.

We do not desire to delay the entering of a final judgment in this case, but the jurisdiction of this court is invoked to review the judgment of the Board of General Appraisers upon questions of law only. Just how this court could follow the mandate of the law, without a statement by the board of the facts upon which its decision or finding is made and the reasons for such finding, is difficult to understand. There is no statement in the board's opinion from which we are able to determine the facts upon which its judgment was based. We quote the pertinent part of the board's decision:

* * * If the question of burden of proof ever entered into the case at all, it was removed when the hearing of the cases began with the presumption of correctness in favor of the action of the appraiser. Inasmuch as both parties introduced testimony, the question of fact to be decided is whether or not, considering all the testimony, the weight of the evidence justified the decisions of the single general appraiser. We can not so hold. In the conflict of the testimony the board does not discover weight enough to overturn the presumption in favor of the action of the appraiser, the appraiser and examiner not being shown in the hearings. While it is true that the method of valuation is new to our law the application of that method is to be judged and the facts connected with it and produced under it must be weighed according to the long-established and well-known rules of evidence and construction of statutes. The cases presented merely the trials of cases at law, all of which are important and in the determination of which it is important to observe the ordinary rules. It is unnecessary to decide the question so much discussed as to whether there can

be such a market as is contemplated by the law in which the American selling price can be applied as a rule of measurement without proving that that market actually functions by sales and deliveries, because the action of the appraiser which presumes knowledge of the facts and compliance with the law has not been overturned by the evidence. in the cases. * * *

It will be observed that the board is not in accord with the finding of the facts as stated by the single general appraiser. In its opinion the board says:

* * * the question of fact to be decided is whether or not, considering all the testimony, the weight of the evidence justified the decisions of the single general appraiser. We can not so hold. * * *

It is further stated in the opinion that—

* * * the action of the appraiser which presumes knowledge of the facts and compliance with the law has not been overturned by the evidence in the cases. * * *

If the single general appraiser had set forth all of the material facts necessary to a proper decision in the case, and if such findings had been supported by the evidence, and if the board had said in its opinion that the findings of fact as made and stated by the single general appraiser were found to be correct, a different view of the case might be taken by this court, although it should not be forgotten that one of the purposes for such findings of fact by the board is to afford information to the collector.

The judgment of the Board of General Appraisers is reversed, and the case remanded for proceedings consistent with the views herein expressed. *Reversed* and *remanded.*