ROESSLER & HASSLACHER CHEMICAL CO. *v.* UNITED STATES
(No. 2599) [1]

1. JUDGMENT—DECISION—VARIANCE.

Generally and abstractly there is a difference between the meaning of the word "judgment" and that of the word "decision." The decision is the resolution of the principles which determine the controversy and the judgment is the application of those principles to the parties, though frequently the word "decision" is used to embrace the judgment. In case of a variance between the two the judgment controls.

2. JUDGMENT BROADER THAN DECISION—REMEDY IS BY PROTEST—STIPULATION CAN NOT CONFER JURISDICTION.

The decision of the Board of United States General Appraisers in a case involving two protests sustained only one, and the judgment order sustained both. The collector reliquidated as to only the one. He should have reliquidated in accordance with the judgment order, and protest lay against the reliquidation. No judgment in this court can give protestant a judgment more favorable than the board's, and his appeal is dismissed, notwithstanding a stipulation that the decision may be modified to conform it to the judgment.

United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, Abstract 49100

[Dismissed.]

*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General, for the United States.

[Oral argument December 18, 1925, by Mr. Place]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, consisting of cylindrical metal drums used as containers for imported tridloraxthylene, caustic potash, and perman-

ganate of potash, was assessed for duty by the collector at 25 per centum ad valorem, as wrought iron cylindrical vessels under paragraph 328 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 328. * * * cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty; * * * 25 per centum ad valorem; * * *.

There were two protests, and in each the appellant made the following claims:

The articles are not covered by or dutiable under paragraph 328. They are used as containers for this shipment only. In accordance with T. D. 31596 they are subject to the same ad valorem duties as their contents and are free of duty if containing merchandise that is free of duty, or which is subject to specific rates of duty.

The report of the collector in protest No. 24219, is as follows:

The merchandise in question consists of cylindrical metal drums. It was assessed for duty at 25% under paragraph 328, act of 1922.

From the appraiser's special report herewith, the protest appears to be valid as to invoices #4 and #5 of entry #762575. However, as the period during which this office may reliquidate under section 515 of the act of 1922 has expired, the papers are forwarded to your board for disposition.

The appraiser's "answer to protest No. 24219" is as follows:

Protest No. 24219.
Importer: Roessler & Hasslacher.
Invoice No. ———.
Entry No. 827901, 855056 and 762575.
Date: 2/7/23, 3/24/23, 10/19/22.
The merchandise in question consists of cylindrical metal drums containing tridloraxthylene, permanganate of potash, caustic potash, etc. It was returned for duty at 25% as wrought iron cylindrical vessels under paragraph 328, act of 1922. The return on entries 762575, invoices 4 and 5, and the examiner's statement thereon is in error. The drums are regarded as of no further commercial value or use. Note amended return on the above-named invoices.

There were three entries involved in protest No. 24219. Both the collector and the appraiser conceded the validity of the protest as to the merchandise described on invoices Nos. 4 and 5, in entry No. 762575. No such concession was made by either official as to the other merchandise involved in the protest.

Protest No. 29622 related only to the cylindrical drums included in entry No. 762575. The collector, in his report, conceded that the protest was valid as to the drums covered by invoices Nos. 4 and 5 of this entry. No such concession was made, however, as to the other drums included in the entry.

The report of the appraiser, in answer to this protest, while it refers only to entry No. 762575, is in all other respects identical with that made in answer to protest No. 24219.

On the trial below, prior to the introduction of evidence, counsel for the importer made the following statement to the trial court with reference to the issues to be determined:

Mr. PLACE. The merchandise covered by these two protests consists of certain cylindrical iron vessels containing chemicals which have been assessed for duty at 25 per centum under paragraph 328 of the act of 1922. As to some of the drums the appraiser has acknowledged error, and amended his return, and as to those I offer in evidence the appraiser's report and the collector's letter.

Mr. HIGGINBOTHAM. No objection.

Mr. PLACE. As to the other drums containing permanganate of potash on all of the invoices covered by both entries, it is my purpose to take the testimony of the present witness and one other at the next term, as I said on the calendar call.

Thereupon, in addition to the reports of the collector and the returns of the appraiser, the importer introduced in evidence the testimony of a witness which tended to prove that the drums containing permanganate of potash, which the collector had not conceded were wrongly assessed, were the usual containers for the merchandise contained therein, and were of no commercial value after the contents had been removed therefrom. Illustrative Exhibit 1 was introduced as representative of the merchandise. The cause was then continued to the November term of the trial court.

On January 21, 1925, pursuant to the order of continuance, the parties again appeared and additional testimony was introduced by the importer.

In an opinion by Adamson, G. A., the Board of General Appraisers held as follows:

These two cases, contesting the assessment and collection of duty on certain drums, appear to be covered by the letter of the collector and the special report of the appraiser. It was discovered too late for the collector to correct his own decision, that the drums were the usual and ordinary covering and not fit for any subsequent use. Therefore, the protest is sustained and the collector will reliquidate, refunding the duty taken on the drums.

It will be noted that no reference was made in the board's decision to the drums containing permanganate of potash, concerning which testimony was introduced. The judgment order entered by the board was not so limited. By its terms, both protests were sustained, and the collector was ordered to reliquidate the entry in accordance therewith. The judgment order reads as follows:

JUDGMENT ORDER

At a term of Board 3 of United States General Appraisers, held in the city of New York on the 27th day of March, 1925

Present: General Appraisers WAITE, ADAMSON, YOUNG.

Protests Nos. 15326–G and 15327–G

ROESSLER & HASSLACHER CHEMICAL CO. *v.* THE UNITED STATES

The above-entitled cause having regularly come on to be heard, and the board, in its decision dated the 27th day of March, 1925, having determined the law and facts:

It is hereby ordered, adjudged, and decreed this 27th day of March, 1925, that the protests in this case, claiming drums free, are sustained and the collector of customs at the port of New York will reliquidate accordingly, refunding the duty taken on the drums.

BYRON S. WAITE,
*Chairman, Board 3,*
By D. P. DUTCHER,
*Chief Clerk.*

[SEAL.]

During the oral arguments in this court, it was stated by counsel for the appellant that the reason an appeal had been taken from the favorable judgment of the trial court, was because the collector had refused to reliquidate the entries in accordance therewith. It may be that the collector was in doubt, upon reading the decision of the board, as to what extent the protests had been sustained. It is true that in the written opinion or decision of the board, which is supposed to contain the conclusion of the court as to the facts in the case and the principles of law applicable thereto, no reference was made to the containers, concerning which considerable testimony was taken on the trial. It is also true that in the last sentence of the decision, reference is made to one protest only. It reads as follows:

Therefore, the *protest is sustained* and the collector will reliquidate, refunding the duty taken on the drums. (Italics ours.)

However, the judgment of the board, which is the formal order by which it applies the principles of law applicable to the case to the rights of the parties, is more extensive than the written decision. It sustains both protests without qualification or limitation and directs the collector to reliquidate accordingly.

Section 515 of the Tariff Act of 1922 provides as follows:

SEC. 515. SAME.—Upon the filing of such protest and payment of duties and other charges the collector shall within sixty days thereafter review his decision, and may modify the same in whole or in part and thereafter refund any duties, charge, or exaction found to have been collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or, upon the filing of a protest against his modification of any decision, the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the Board of General Appraisers for due assign ment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs Appeals within the time and in the manner provided by law.

Generally and abstractly there is a difference between the meaning of the word "judgment" and that of the word "decision." Such distinction has been expressed as follows:

The decision is the resolution of the principles which determine the controversy; the judgment is the formal paper applying them to the rights of the parties. (Abbott Law Dictionary, 351.)

A "decision" has been held to be the written statement of the court's findings of fact and conclusions of law, upon which its judgment is founded. 18 C. J. 28; 33 C. J. 10531.

Frequently, however, in legislation, the word "decision" is intended to embrace both the formal judgment of a court and the decision, or finding, upon which the judgment was founded. 18 C. J. 29.

Section 515, *supra*, provides that the Board of General Appraisers shall transmit to the collector "the decision and judgment order thereon."

Congress, therefore, in protest cases before the board, has provided for a written decision and a judgment order. It would seem, therefore, that the decision of the board should contain, at least, the conclusions of the board as to the facts in the case and the principles of law applicable thereto. The judgment of the board is intended to carry its decision into effect and to apply the principles announced therein to the rights of the parties. Therefore the decision, or written opinion as it is frequently called, should state the reasons upon which its judgment is based. However, such decision or opinion is no part of the judgment, and, if there is a variance, the judgment controls and must be considered as determining the rights of the parties. 33 C. J. 1104.

The following "memorandum" has been submitted to this court by counsel for the parties:

### MEMORANDUM FOR THE COURT

The drums containing permanganate of potash appear on invoice No. 5, entry 827901; the only invoice in entry 855056; and invoice No. 3 in entry 762575, as to which it is requested the decision of the Board of General Appraisers be reversed and the merchandise held free of duty as usual containers of the merchandise.

As to invoices Nos. 4 and 5 in entry 762575 the appraiser amended his return and the collector of customs acknowledged error. It is requested that the decision of the Board of General Appraisers as to those invoices be affirmed.

It seems to be agreed by counsel that this court should modify the decision of the board, affirming it in part and reversing it in part.

Undoubtedly counsel, in the stipulation, used the word decision as embracing the judgment of the board.

We are unable to understand how a modification of a favorable judgment will afford any relief to the appellant. This one is unambiguous and is not susceptible of more than one interpretation. The collector should have reliquidated in accordance therewith. But if

he failed, or refused so to do, because of the existence of a doubt in his mind as to his duty under the circumstances, the matter might very properly have been called to the attention of the Board of General Appraisers for such action as was proper under the circumstances; or the appellant could have protested the collector's reliquidation in the event that it did not conform to the judgment order of the board. *Smith* v. *United States*, 1 Ct. Cust. Appls. 489, T. D. 31527.

The judgment entered by the board is in all respects regular and seems to us to properly determine the issues in the case. It should, therefore, have been obeyed by the collector. We have considered the case at length only because of the stipulation entered into and filed by counsel. Ordinarily, this court would comply with a stipulation of counsel requesting modification of a judgment. However, for the reasons stated, we are unable to do so in this case. We are of opinion that, under the circumstances of this case, the appellant should have applied to the Board of General Appraisers and not to this court for relief. The appeal is therefore *dismissed.*