UNITED STATES *v.* PENN. COMMERCIAL CORPORATION OF AMERICA
(No. 2864)[1]

United States Court of Customs Appeals, May 27, 1927

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.

*Barnes, McKenna & Halstead* (*Samuel F. Richardson* of counsel) for appellee.

[1] T. D. 42237.

[Oral argument May 12, 1927, by Mr. Lawrence and Mr. Barnes]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court affirming the judgment of Associate Justice Sullivan, sitting in reappraisements 43282–A, 43283–A, 43285–A, 43286–A, 43287–A, 43288–A, 43289–A, 43290–A, 43291–A, and 44411–A.

Merchandise, consisting of accordions imported into the United States from Czechoslovakia, was appraised at the entered value. The collector at the port of New York filed an appeal in the United States Customs Court. The case was tried before Associate Justice Sullivan, sitting in reappraisement.

Upon consideration of the evidence introduced by the parties the associate justice affirmed the decision of the appraiser, and held that the entered value was the dutiable value of the merchandise. Thereupon the collector filed an application for a review of the judgment of the associate justice.

The record in the case shows that the following proceedings were had in the United States Customs Court on September 23, 1926:

*Calendar call, 10.30 a. m.*

When the case was called both sides answered "Ready," and it was sent [set] down for argument.

\*       \*       \*       \*       \*       \*       \*

CALLED FOR ARGUMENT 3.15 P. M.

Mr. KAVANAGH. The merchandise in this case is accordions. \* \* \*

(Counsel presents to the court his assignment of errors and hands a copy to Mr. Richardson, counsel for the appellees.)

Mr. RICHARDSON. I move that the appeal be dismissed on the ground that the assignments of errors were not filed on the call of the calendar and are too late.

Justice YOUNG. When were they filed?

Mr. KAVANAGH. I just filed it now, the assignment of errors.

Justice ADAMSON. When were they marked?

Mr. RICHARDSON. They are not marked yet.

Justice ADAMSON. And the attention of the court was not called to that and the attention of the attorney was not called to it? They are not filed yet and they were not called to the attention of the court and opposite counsel until the trial had started.

Mr. KAVANAGH. As I recall the rule—Rule XXIV—it says they should be filed on or before the day of trial. This is the day of trial.

Justice ADAMSON. We have decided that question long ago.

Mr. KAVANAGH. Mr. Richardson got a copy of my brief; he knew what my assignment of errors would be.

Mr. RICHARDSON. That is perfectly ridiculous, because the brief below has nothing to do with the assignments of error in the appeal court.

Justice ADAMSON. The motion is noted. Go on with your argument.

(The case is argued by counsel for both sides "off the record.")

It will be noted that the court below reserved decision upon the motion to dismiss and that the case was argued upon the merits.

The following is the decision or written opinion of the court below:

UNITED STATES CUSTOMS COURT

APPELLATE TERM, THIRD DIVISION

(Decided October 13, 1926)

APPLICATION for review of decision of associate justice (Circular No. 36563)

ADAMSON, Associate Justice: Early in the morning this case was called on the docket and both parties announced ready. Late in the afternoon it was called for a hearing. Importer's counsel moved to dismiss the application for review because no assignments of error had been filed. On investigation the court found that to be a fact, Government counsel insisting that the fact that he had served a brief on the importer's counsel satisfied the rule requiring the assignment of errors. We do not believe that, but although the assignment of errors was filed with the clerk after that colloquy we do not think it in time, and we shall dismiss the application with less reluctance because the argument of counsel and an examination of the record made before the court below satisfy the court that the assignments of errors are not valid, and could not be approved on the merits of the case.

The motion to dismiss was noted and reserved for decision and the case was fully argued by counsel. Our duty in the premises is limited to passing on the matters alleged in the assignment of errors, and as they were not filed there is nothing left for us to pass upon, and there is no valid application here. It is therefore dismissed. (U. S. v. Davies, Turner & Co., Reapp. Cir. 18.)

W. C. A., J.

Concurring, WAITE, YOUNG, J.

The following judgment was entered by the court:

JUDGMENT ORDER

REVIEW OF REAPPRAISEMENT

At a term of the Third Division of the United States Customs Court, sitting in review of reappraisement, held in the city of New York, on the 13th day of October, 1926

Present: Associate Justices WAITE, ADAMSON, YOUNG.

UNITED STATES v. PENN. COMMERCIAL CORPN. OF AMERICA

Reappt. 43282–A, 43283–A, 43285–A, 43286–A, 43287–A, 43288–A, 43289–A, 43290–A, 43291–A, 44411–A

The above-entitled proceeding having come on to be heard, and the parties thereto having submitted the same for determination, and the court having carefully considered the case on the record made below: It is

Ordered, adjudged, and decreed that the judgment below be, and the same hereby is, affirmed.

WAITE, *Presiding Justice.*

From this judgment the Government has appealed to this court.

It is contended by the Government: That its assignment of errors was filed in the court below within the time prescribed by the rules of that court; that the judgment of the United States Customs Court

is not one of dismissal of the Government's application for review but is one of affirmance and disposes of the case upon the merits; that, although the court below decided the case upon the issues of fact raised by the application for review, it failed to make findings of fact, as required by section 501 of the Tariff Act of 1922, and the judgment should for that reason be reversed and the cause remanded for such findings. It is also claimed by the Government that there is no substantial evidence in the record to support the judgment below.

The appellee contends that the Government's application for review was properly dismissed by the court below; that there is sufficient evidence to support the judgment on the merits of the case; and that while the court failed to state its findings of fact in a written decision, that question can not be considered by this court because it has not been assigned as error by the Government.

We find but little difficulty in disposing of the appeal.

The court below in its written opinion indicated an intention to dismiss the Government's application for review on the ground that the assignment of errors was not filed in accordance with the rules of that court. It further indicated its views upon the issues of law and fact raised by the assignment of errors filed by the Government. In this connection the court said:

\* \* \* and we shall dismiss the application with less reluctance because the argument of counsel and an examination of the record made before the court below satisfy the court that the *assignments of errors are not valid*, and could not be approved on the merits of the case. (Italics ours.)

The judgment entered by the court does not, however, dispose of the case by dismissing the application for review. It disposes of the case on the merits. We again quote from the judgment order: "\* \* \* and the court having *carefully considered the case on the record made below:* It is

"Ordered, adjudged, and decreed that the judgment below be, and the same hereby is, *affirmed.*" (Italics ours.)

It is apparent that the judgment of the court is inconsistent with its decision or written opinion. Under such circumstances the judgment must prevail. *Roessler & Hasslacher Chemical Co.* v. *United States*, 13 Ct. Cust. Appls. 451, T. D. 41347; *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 579, T. D. 41436.

Section 501 of the Tariff Act of 1922, among other things, provides:

\* \* \* Every such application shall be assigned by the Board of General Appraisers to a board of three general appraisers, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser, and, after argument on the part of the parties if requested by them or either of them, shall affirm, reverse, or modify the decision of the general appraiser or remand the case to the general appraiser

for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. The decision of the Board of General Appraisers shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of an act entitled "An act to codify, revise, and amend the laws relating to the judiciary," approved March 3, 1911.

As we have heretofore observed, the court below disposed of the case on the merits, but failed to set forth the facts upon which its finding was based and the reasons therefor. In this the court erred. It is argued by the appellee, however, that as this question is not raised by the assignments of error filed in this court, the question is not before us. We are not in accord with this view.

In the case of *Kuttroff, Pickhardt & Co. (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 261, T. D. 40269, we held that the provision of section 501 directing the United States Customs Court in appraisement appeals to state in a written decision the facts upon which its finding was based and the reasons therefor was intended to enable this court to review the case upon a question or questions of law only, and is mandatory. Again, in the case of *United States* v. *Fragele Bros.*, 12 Ct. Cust. Appls. 381, T. D. 40543, we held that where this court "regards the findings of facts and conclusions of law as helpful to it in its decision of issues involved in the case this court has the authority to direct of its own volition, without assignment of error, that the mandate of the law be complied with by the board." The court cited several authorities in support of this holding, and in accordance therewith the case was reversed and remanded to enable the court below to make its findings of fact and to state its conclusions of law.

It is unnecessary, therefore, for us to consider the sufficiency of the assignment of errors filed by the Government in this court.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed* and *remanded*.