BEFORE THE THIRD DIVISION, MAY 14, 1943

**No. 48283.**—Protest 76699-K of W. R. Grace & Co. (New York).

Opinion by CLINE, J. It appeared that the Government because of the destruction of its records could not state whether any or all of the cotton contained in the 14 bales involved was part of the drawback entry upon which drawback was paid or whether part of the drawback entry upon which no drawback was paid. At the trial herein plaintiff conceded that the records of the importer with respect to drawback entries were also destroyed. Therefore proof was not available to either party. Plaintiff's counsel introduced in evidence a letter addressed to the collector waiving the right to protest but it was noted that it only related to "goods exported for the benefit of drawback." The defendant claims the burden is on plaintiff to prove that no drawback was refunded on the 14 bales in question. The court stated that the proper time to submit such evidence was when the original protest was tried and not after the judgment of the court had become final, since the court's judgment is not subject to a collateral attack. Citing *United States* v. *Kurtz* (5 Ct. Cust. Appls. 144, T. D. 34192); *Roessler & Hasslacher Chemical Co.* v. *United States* (13 Ct. Cust. Appls. 451, T. D. 41347); *Frank P. Dow Co., Inc.* v. *United States* (T. D. 48163); *Fulghum* v. *United States* (1 Cust. Ct. 284, C. D. 66), and cases cited therein. The court therefore found that since the merchandise here involved was held to be free of duty in the judgment of the court, the same having become final in the absence of a timely application for rehearing or an appeal for review, it was the duty of the collector to reliquidate the entry in accordance with the court's judgment in the original case. The protest was therefore sustained.

BEFORE THE SECOND DIVISION, MAY 17, 1943

**No. 48284.**—Protest 92286-K of Rodier, Inc. (New York).

Opinion by TILSON, J. Upon the agreed facts and following Abstract 45938 the protest was sustained to this extent.

**No. 48285.**—Protests 872840-G, etc., of Kreusser & Schaad (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and following Abstract 47291 the hats in question were held dutiable at 25 percent under paragraph 1504 (b) (1), as claimed.