(C. D. 603)

MITSUBISHI SHOJI KAISHA, LTD. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 18, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Frank X. O'Donnel, Jr.,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: The original protest in this case, addressed to the collector of customs at Los Angeles, makes the following claim:

Your action in assessing duty at 10¢ per pound under par. 924, is illegal, null and void. No such claim was set forth in the original protests (Nos. 959319G/26888 and 958316–G/27083), nor did the Court decision provide for such assessment.

Upon motion duly made and granted by the court the protest was amended as follows:

It is further claimed that your action in assessing duty at 10 cents per pound under paragraph 924, Tariff Act of 1930, is illegal, null and void because none of the merchandise contained cotton having a staple of 1⅛ of an inch or longer and therefore paragraph 924 is not applicable.

Protests 958316–G and 958319–G were filed against the action of the collector in classifying certain merchandise as woven fabrics in the piece, wholly or in chief value of silk, not specially provided for, and assessing duty thereon at the rate of 55 per centum ad valorem under paragraph 1205 of the act of 1930. The plaintiff in said suits claimed the merchandise to be properly dutiable at the appropriate rate or

rates under paragraphs 903 and 904, plus 5 per centum ad valorem under paragraph 905, of the act of 1930, as cotton cloth containing silk.

In our decision reported as Abstract 44750, we specifically held the merchandise—

* * * which was assessed with duty at 55 per cent under paragraph 1205 of the Tariff Act of 1930, to be properly dutiable at the appropriate rates according to the number of thread counts and other statutory requirements under paragraphs 903, 904, and 905 of said act, as claimed by the plaintiff.

When the collector came to reliquidate the entries in compliance with our judgment in said case, he assessed duty on the merchandise at the appropriate rates according to the number of thread counts and other statutory requirements under said paragraphs 903 and 904, as cloth in chief value of cotton, plus 5 per centum ad valorem under paragraph 905 of said act, as cotton cloth in part of silk. This was in strict compliance with our judgment. However, the collector did not stop there, but proceeded to assess duty at 10 cents per pound on the cotton contained therein under paragraph 924, upon the theory that the cotton contained therein had a staple of 1⅛ inches or more in length.

There was nothing contained in our judgment in the suits reported as Abstract 44750 which directed the collector to assess the duty of 10 cents per pound under said paragraph 924 on the cotton contained therein. Upon first consideration this might appear to be in violation of and in disobedience to our judgment, but upon more mature reflection we are inclined to hold that the action of the collector in assessing duty at 10 cents per pound under said paragraph 924 was not in violation of our judgment.

The collector had originally classified this merchandise under paragraph 1205 of the silk schedule and under that classification he was not required to make any determination of the length of the staple of the cotton contained therein. The first time the collector was required to determine the length of the staple of the cotton contained therein was when he received our decision and judgment holding the merchandise to be composed in chief value of cotton. When the collector proceeded to execute our mandate he was also required by a congressional mandate, paragraph 924, to determine for the first time the staple length of the cotton contained therein. This he did, and found it to be 1⅛ inches or more in length, and accordingly levied the additional duty of 10 cents per pound on the cotton contained therein.

Paragraph 924 reads as follows:

All the articles enumerated or described in this schedule (except in paragraph 922) shall be subject to an additional duty of 10 cents per pound on the cotton contained therein having a staple of one and one-eighth inches or more in length.

It is our view that said paragraph 924 must be read as a proviso or an amendment to each and every paragraph in schedule 9, except paragraph 922, which is expressly excepted. There was therefore nothing in our judgment which forbade or prohibited the collector from applying the congressional mandate contained in paragraph 924, and thereby determine whether or not the cotton contained therein had a staple of 1⅛ inches or more in length. This he did, and in so doing his action was not in violation of or in disobedience to our judgment.

The next question that arises is whether or not the plaintiff can legally bring this action by reason of the following language contained in section 514 of the act of 1930:

\* \* \* The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

The papers before us show that the present protest was filed against the reliquidation of the entry following our judgment in the former case reported as Abstract 44750. Therefore, if the question raised in this case was not involved in said reliquidation, then the plaintiff is barred by the above language from bringing this action.. As heretofore indicated, it is our judgment that the question raised in the present case was directly involved in the reliquidation of the entry. In his reliquidation the collector was not only required to have proper regard for our judgment, but likewise for the congressional mandate contained in paragraph 924.

At the time the case was before us originally there had been no determination by anyone that the length of the staple of the cotton contained therein was 1⅛ inches or more. Nor was the plaintiff at that time required to assume or presume that the collector in his reliquidation would find the length of the staple of the cotton contained therein to be 1⅛ inches or more in length in order that he might offer evidence to the contrary.

At the trial of this case counsel for the respective parties agreed in open court that the length of the staple of the cotton contained in the merchandise covered by this suit was less than 1⅛ inches. We therefore hold that the merchandise covered by this suit is not subject to the provisions of paragraph 924, since the cotton contained therein has a staple of less than 1⅛ inches, and the collector was in error in assessing duty on said merchandise at 10 cents per pound on the cotton contained therein.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.