**No. 52284.**—Maryland Wine & Liquor Co. et al. *v.* United States, protests 18587–K/88993, etc. (Chicago).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers.   The protests were sustained to this extent.

**No. 52285.**—Harmar Co. *v.* United States, protests 110970–K, etc. (Baltimore).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importer.   The protests were sustained to this extent.

**No. 52286.**—Alfred Hart Distilleries, Inc. *v.* United States, protest 116691–K (Los Angeles).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer.   The protest was sustained to this extent.

**No. 52287.**—Philip Blum & Co., Inc., et al. *v.* United States, protests 119695–K/456, etc. (Chicago).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers'

returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 52288.**—The Old Quaker Co. et al. *v.* United States, protests 124066–K, etc.. (Indianapolis).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 52289.**—Austin Nichols & Co., Inc. *v.* United States, protest 126827–K/913 (Chicago).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 52290.**—Le Sage Co. *v.* United States, protest 110409–K (Galveston).

JOHNSON, Judge: Claim is here made for refund of all duties taken by the collector upon distilled spirits entered for warehouse at the port of Houston, Tex., wherein the customs inspector noted breakage at the time of examination at the warehouse.

There was no testimony adduced at the trial. Counsel for the plaintiff submitted the case upon such evidence as appears in the entry papers, including the appraiser's report, and an affidavit of shortage filed by the importer. The latter was admitted in evidence for the purpose of showing attempted compliance with the statute only.

The collector in his report states that "Duty and internal revenue tax was allowed for all shortages reported by the customs officer in the liquidation." He further states, however, that no allowance in duty was made for the liquor lost from bottles which were broken in transit for the reason that the importer's affidavit was not filed within the period prescribed by law.

The Government contends that the importer's affidavit was 2 days late. At the trial, counsel for the plaintiff contended that the time for filing of affidavit begins to run from the date of examination by the examiner.

The affidavit in question was received in the customhouse on January 28, 1944. The inspector's report of breakage and shortage of bottles in the imported cases