(C. D. 1251)

MAUI DRY GOODS & GROCERY CO., LTD. v. UNITED STATES

United States Customs Court, Third Division

(Decided June 13, 1950)

*Lawrence, Tuttle & Harper (George R. Tuttle* and *Walter I. Carpeneti* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General *(Richard H. Welsh,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges;
CLINE, J., concurring in the result

JOHNSON, Judge: In this action the plaintiff contends that the collector failed to follow a judgment by this court (protest 120036–K, Abstract 51947, initial No. 109451–K) in sustaining a protest claiming refund of duties assessed on alcoholic beverages lost in transit, as shown by the gauger's return verified by the importer's affidavit. Within the time required by statute that the collector review his action, the collector reported that the decision was reviewed and that there was no allowance in duty for the reason that evidence was not produced that the cask or package had been broken or otherwise injured in transit from a foreign port.

At the trial counsel for the plaintiff sought to amend the protest by including an additional claim that under paragraph 813, Tariff Act of 1930, as amended by the act of June 8, 1948, Public Law 612, duty should be assessed upon the same quantity of wines, liquors, cordials, or distilled spirits as that which was subject to final assessment of internal revenue taxes. The judge presiding at the trial, after argument of counsel, tentatively denied the motion.

Counsel for both sides orally stipulated and agreed to the following facts:

First, that the merchandise which is described in the entry is 300 cases of whiskey. It was imported from Canada, the first American port being Sumas, Washington.

The goods were sent under an In Transit entry from Sumas to San Francisco; that at Sumas the inspector who supervised the loading of the whiskey into a railroad car noted "No exceptions" to these 300 cases; and that upon arrival of the car in San Francisco, on January 25, 1945, the discharging inspector, D. J. Allen, made this notation upon the manifest of the I. T. entry: "No S. F. exc. taken"; that the goods were removed from the car and placed in the Gibralter Warehouse, which is a bonded warehouse, on January 25th. No, I have to correct that—the goods after arriving in the bonded carrier, the Southern Pacific Railroad, on January 25th, were placed in the Gibralter, a bonded warehouse, on the same day.

And also, on that day, the importer applied to the collector on Customs Form 3499, which I will place with the court papers, for application to manipulate and examine, sample, or transfer these goods, and to inspect damaged or short contents packages and repack into full cases, under Section 562; and that permission was granted for such repacking by the collector, still on the same day, January 25th; that the results of such examination and repacking are disclosed on the reverse side of Customs Form 3499, where storekeeper, R. H. Price, made certain statements as to the contents of the various cases.

*     *     *     *     *     *     *     *

That thereafter, and within 60 days, plaintiff filed its protest 75107, which became the subject of the decision entitled 119785–K; and that subsequent to receiving the decision, 119785–K [Note: 119785–K should read 109451–K] the collector proceeded to reliquidate the entry as follows:

Liquidated duty $1799.93; reascertained duty $1799.93; no change.

And the collector further added, "No allowance made in duty, inasmuch as no exceptions were reported at the time of discharge."

In addition, that the importer filed with the collector, on February 8, 1945, a document, in the form of an affidavit, which is likewise with the court papers—your Honor, if I may change that, I am now placing with the court papers. It seems the collector didn't forward to the court the affidavit to manipulate, but he has brought them here now.

JUDGE CLINE: No objection to their being placed in the files?

MR. WELSH: No, none whatsoever.

MR. TUTTLE: Those are the complete facts of the case, and I would like to ask counsel if my recitation of them is accurate and correct, or if he agrees to them.

I have one correction to make in this proposal, your Honor, of my statement, right at the beginning; and it is that the car arrived on January 23rd, and the entry was filed on January 23rd. That is right, the car arrived here on the 23rd; the entry was filed January 23rd; and it was discharged, as I stated before, January 25th.

MR. WELSH: On the advice of the Chief Liquidator, Mr. Weiner, the Government concedes that those facts are correct.

MR. TUTTLE: Upon these documents that I referred to, namely, Form 3499, and the affidavit dated February being placed with the court papers, we rest, your Honor.

MR. WELSH: The Government rests.

The entry papers disclose that 1 case was short landed. Upon such case the tax was allowed and also the duty. Out of a shipment of 300 cases of Canadian whisky only 299 cases were landed. Otherwise, according to Inspector Allen's report at the port of San Francisco, there were no Sumas exceptions and no San Francisco exceptions taken. The warehouse permit discloses that the car in which the merchandise was imported was to be unloaded at the warehouse. These cases were disposed of, according to the report of Inspector Allen, as follows: 274 cases to Gibralter, 24 cases B/O to Gibralter, and 1 case to appraiser. The "B/O" stands for bad order.

The storekeeper's report dated January 30, 1945, on the back of the permit to repack the 298 cases in warehouse, discloses that 274 cases were apparently in good order; also 13 of the other cases were in good order. The remaining 11 cases were reported as follows:

| | | |
|---|---|---|
| 1 c/s 11 OK | 1 Bkn | 1 |
| 5 c/s 10 OK | 2 Bkn | 10 |
| 1 c/s 9 OK | 3 Bkn | 3 |
| 1 c/s 8 OK | 3 Bkn 1 Out | 4 |
| 1 c/s 3 OK | 9 Bkn | 9 |
| 2 c/s 10 OK | 1 Bkn 1 Out | 4 |
| | | 31 |

Repack Result

| | | | |
|---|---|---|---|
| 2 c/s R/R | Empty | | 24 |
| 1 c/s R/P | 5 bottles only | | 7 |
| | | | 31 |

On February 8 thereafter, an affidavit verifying the foregoing report of the storekeeper was filed with the collector of customs. It is this report, together with the report of the storekeeper of the bonded warehouse, which the collector completely ignored.

In the case of *United States* v. *Somerset Importers, Ltd.*, 33 C. C. P. A. 138, C. A. D. 328, the brandy there in question arrived in New York and was transshipped to San Francisco. Of the 2,250 cases originally consigned to that port, the customs inspector, upon his inspection and examination, found 227 cases stained. After noting the stained cases, the shipment was delivered to the warehouse, where the clerk in charge established the fact that the importer in that case had filed the required affidavit verifying the broken bottles found therein. There, also, the affidavit of breakage was filed by the importer within the prescribed time from the date of the storekeeper's report. The lower court held that the importer was entitled to an allowance in duties because of the breakage reported by the gauger as appearing in the affidavit of the importer. This decision was affirmed by the appellate court.

The decision in protest 120036–K, *supra*, was published as a part of Abstract 51947. The decision in the *Somerset* case, *supra*, was cited and followed, and this court held that "an allowance should have been made for the loss appearing upon the official reports of the United States gauger [who, in this case was the storekeeper who gauged the merchandise], which show a loss of 10 percent or more of the value of the contents of each package as exported." The collector was directed to reliquidate the entries and make allowance in duties. His decision therein that "No allowance made in duty inasmuch as no exceptions were reported at time of discharge" is a direct refusal to follow the mandate of this court. The situation was exactly the same as in the *Somerset* case, *supra*, which also involved a San Francisco entry. There certainly was no excuse for the collector to refuse to follow the mandate of the court in the case of *Joseph Abrams Co. et al.* v. *United States*, published in Abstract 51947. In the *Somerset* case, *supra*, the affidavit of the importer was filed within the prescribed time after the report of the storekeeper-gauger. The report of the inspector of the goods at the time of unlading was disregarded inasmuch as no examination of the goods was made. The same procedure was followed in the instant case and the collector erroneously and contrary to law refused to follow the mandate of the court.

Since the reliquidation of the entry involved herein and after the protest against the reliquidation was filed, the Congress enacted Public Law 612, which amended paragraph 813 of the Tariff Act of 1930 by substituting therefor entirely new language to read as follows:

Notwithstanding any other provision of this chapter, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

Not only did the Congress change the basis of assessment respecting alcoholic beverages, but it made the enactment retroactive by the following provision of said Public Law 612:

Sec. 2. *This amendment shall be effective as* to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also *to any such merchandise entered or withdrawn before that day with respect to which* the liquidation of the entry or withdrawal, the exaction, or *the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.* [Italics not quoted.]
Approved June 8, 1948.

The plaintiff contends that the issue presented is whether or not Public Law 612 applies to this entry, it being argued that as the protest before the court was against the collector's refusal to allow any refund of duties on the breakage, the final liquidation and the dutiable quantity had not been finally determined. It is further argued by counsel for the plaintiff that even were the court to rule that the collector had acted properly on reliquidation, nevertheless, the present protest, until disposed of by a judgment of this court, prevents the liquidation from becoming final and likewise keeps the determination of dutiable quantity from becoming final.

The Government, on the other hand, contends that no appeal having been filed from the decision and judgment reported in Abstract 51947, *supra,* the decision as to dutiable quantity became final and that plaintiff's claim under Public Law 612, *supra,* is not before the court. In that regard, counsel for the Government argues that the decision of the court was final to the extent that plaintiff was only entitled to losses in transit caused by breakage to the extent appearing upon the gauger's return, as verified by the affidavit of the importer, insofar as said losses appear as 10 per centum or more of the contents of the package; that the dutiable quantity was definitely fixed by the court, and whether or not the collector erred in carrying out the mandate is not of consequence, as any error of the collector is merely factual and subject to correction by way of protest.

Counsel for the Government aptly points out that section 514 also provides that—

\* \* \* The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Referring again to the record, we find that the decision in Abstract 51947 was rendered on October 9, 1947. The reliquidation here complained about was not made until May 6, 1948, almost 7 months after the court rendered its decision. Section 515, referring to the determination of the court, states that it—

shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law.

There was no appeal taken against the judgment of the court. Indeed, there was no need for appeal on behalf of the plaintiff for the judgment was favorable to the claims made in the protest, and the Government failed to file an appeal. Therefore, the judgment of the court became final and conclusive upon all persons 60 days after the decision in Abstract 51947 (28 U. S. C. § 310).

The question presented is whether, by reason of the failure of the collector to carry out the mandate of the court and reliquidate the entry in accordance with the law as set out therein, the plaintiff can protest the reliquidation and under the terms of Public Law 612 open up the entire issue of whether or not duty should be refunded upon all liquors assessed upon a quantity greater than that used for the assessment of internal revenue taxes.

Section 2 of Public Law 612 declares that this amendment shall be effective as to any such merchandise entered or withdrawn before the date of the enactment of that act with respect to which the decision as to the dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

Is there any reason why the decision of this court in the case of *Maui Dry Goods & Grocery Co., Ltd.* v. *United States*, decided October 9, 1947, as reported in the schedule of protests in Abstract 51947, has not become final? There was no appeal. The ineptness of the collector in not following the mandate does not make it any the less final. Therefore, the only matter before this court for decision is that the collector erred in not reliquidating upon the basis of the storekeeper-gauger's return, in accordance with the provisions of paragraph 813 as then enacted.

Judgment will therefore be rendered directing the collector to reliquidate the entry in accordance with the mandate of the court in its original decision, and to make refund of duties in accordance with law. In all other respects the protest is overruled.