(C. D. 1338)

ALFRED HART DISTILLERIES, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 20, 1951)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* and *Walter I. Carpeneti* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney) for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

JOHNSON, Judge: In this action the plaintiff contends that the collector failed to follow the judgment of this court rendered respecting a certain quantity of the whisky covered by protest 120705–K, initial number 113267–K, reported in 18 Cust. Ct. 156, Abstract 51550, wherein the claim was sustained that duties should be refunded upon alcoholic beverages lost in transit, as shown by the gauger's returns verified by an affidavit of the importer.

Within the period granted by statute the collector reviewed his action and reported that there was no allowance in duty for the apparent reason that the affidavit required to be filed by the importer,

(1)

verifying the shortage, had not been considered by the collector to have been filed within the allotted time.

At the trial it was stipulated and agreed between counsel for both sides as follows:

MR. TUTTLE: * * * I offer to stipulate these facts with the Government:

That this importation which was covered by warehouse entry 245 of January 4, 1945 was not gauged until after the merchandise was placed in the bonded warehouse; that the completion of gauging of the particular 4 barrels referred to in this protest, namely, barrels 2525, 2537, 2584 and 2599, occurred on January 27, 1945, but that the gauger completed his gauging of the entire importation covered by this warehouse entry on February 5, 1945, and that the importer filed his affidavit which complied with the regulations under Paragraph 813 on February 12, 1945.

Further, that there were losses in excess of 10 per cent from the contents of each of these 4 barrels.

* * * * * * *

Further, that 400 of the 500 barrels covered by this warehouse entry were delivered to the warehouse January 6, 1945, and the remaining 100 barrels were delivered to the warehouse on January 8, '45.

MR. WELSH: On the advice of the liquidator, Mr. Townsend, who is present in court, the Government agrees to all of those facts.

Paragraph 813 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides as follows:

Par. 813. There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, coridals, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within fifteen days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

Public Law 612, amending paragraph 813, provides as follows:

* * * That paragraph 813 of schedule 8 of the Tariff Act of 1930 is amended to read as follows:

"PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes."

SEC. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

Approved June 8, 1948.

Counsel for the plaintiff contends that the "date of delivery," referred to in section 15.9 of the Customs Regulations of 1943, con-

templates the completion of the gauging of the entire shipment, and not the completion of the gauging of the particular barrels in which the loss occurred. Said regulation, it is pointed out, specifies that, when goods are entered for warehouse, the report of the discharging inspector is the gauger's return, within the meaning of paragraph 813, unless the completion of the inspection is delayed until after the goods have been deposited in a bonded warehouse; that in such instance—

* * * the date of completion of the inspection shall be construed to be the date of completion of the gauging for the purpose of paragraph (a) and therefore the date of delivery. Allowance shall be made only for such losses as occurred prior to the inspection of the merchandise. Affidavits not filed within 15 days from the date of completion of the inspection will not meet the requirements of paragraph 813 of the tariff act.

Counsel for the plaintiff further contends that paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612, *supra,* in view of the retroactive feature thereof, should be applied by the collector in determining the dutiable quantity. Counsel for the plaintiff argues, in that regard, that the protest herein, filed on account of the collector's refusal to follow the mandate of the court, prevented the reliquidation from becoming final, and consequently the liquidation of this entry could not be said to be final.

Counsel for the Government contends that inasmuch as the 4 barrels of whisky in question were gauged 9 days prior to the completion of the gauging, the affidavit was too late when filed within 15 days from the completion of the gauging of the shipment. It is argued, therefore, that the collector, in not allowing the plaintiff relief as to the four barrels in question, followed the mandate of the court, which sustained the claims only to the extent of the losses appearing upon the gauger's returns which were verified by a timely affidavit of the importer. Counsel for the Government contends further that the only question before the court is whether or not the collector erred in his reliquidation and that Public Law 612 has no connection with the reliquidation at issue in this case.

Considering first the question of the period within which an importer may file a timely affidavit, which, according to paragraph 813, *supra,* must be filed within 15 days after the delivery of the merchandise, we find that this question as to delivery was settled in the case of *W. R. Zanes & Co.* v. *United States,* 4 Cust. Ct. 37, C. D. 279. In that case, the goods involved consisted of 830 cases of whisky, which were covered by a warehouse entry. The whisky was partially delivered to the warehouse on May 13, 1936, after having been partially inspected upon the wharf. The inspection thereof was completed at the warehouse on May 20, 1936, and a report of breakage was then

filed by the inspector. Said report was verified by an affidavit, filed by the importer on May 22, 1936, 2 days after the report. The collector, on liquidating, refused to make any allowance in duty for the breakage reported by the inspector at the warehouse, as verified by by the importer's affidavit, for the reason that while the whisky had been delivered to the storekeeper on May 13, 1936, the importer's affidavit was not filed within a period of 5 days after such delivery, as required by paragraph 813, and the regulations then in effect. The "delivery" to the warehouse was construed by the collector as the "delivery" contemplated by the regulations inasmuch as the cases of whisky there in question had been examined before delivery to the warehouse. The court, in sustaining the protest, stated:

* * * Article 813 [sic] [817], supra, specifically states that the word "Delivery" shall be construed to be effected, at the date of the completion of the gauging where gauging is delayed until after the merchandise has been deposited in a bonded warehouse. Therefore the date of delivery of the merchandise in question was effected on May 22, 1936, and the affidavit of the importers filed on May 24 is within the terms of the statute. '

In the pending case, the gauging of the four barrels was completed prior to the completion of the gauging of the entire shipment. When the gauging was completed the inspector made and filed his report. Within the proper time thereafter the importer filed its affidavit based upon said report. It would be unreasonable to conclude that the law contemplated that an importer should file his affidavit of shortage before an inspector has rendered his report, inasmuch as such is a verification of the report. In the case of *United States* v. *Somerset Importers, Ltd.*, 33 C. C. P. A. 138, C. A. D. 328, at page 149, the appellate court stated:

* * * It is a settled principle of customs law that the Government should not seek to exact taxes from the importing public upon doubtful constructions of law or where there was a nonimportation.

An analogous situation arose in *Schenley Import Corp.* v. *United States*, 4 Cust. Ct. 154, C. D. 310. There, certain sherry wine was imported in casks. One of the casks out of a shipment of 229 was badly damaged in transit. Although a warehouse entry was filed, the damaged cask was examined upon the wharf before delivery to the warehouse. Delivery to the warehouse of the first lot was made on December 22, 1936, but it was not finally completed until January 4, 1937, at which time said cask was delivered to the warehouse and the inspector's report was filed. The importer's affidavit was filed on January 6, 2 days after the delivery was completed However, the collector refused to make any allowance in duties upon the ground that the affidavit was untimely, the cask having been examined before

delivery to the warehouse, and that the date of examination controlled rather than the date of delivery to the warehouse. The court held, however, that where merchandise was gauged at the time of importation, and is thereafter entered in warehouse, the time of delivery is the date the same enters the warehouse.

In the decision of this court, the mandate of which was not followed by the collector, it was held that, insofar as a timely affidavit was filed verifying the gauger's report, an allowance should have been made for the loss appearing upon the official reports of the United States gauger, which show a loss of 10 per centum or more of the value of the contents of each cask, as exported. The collector was directed to reliquidate the entries and refund the duties thus found to have been illegally exacted. The collector's reply to the protest against his refusal to reliquidate the entry in conformity with the mandate of this court, in connection with the loss of whisky from the four barrels in question, indicated that he could not determine whether a timely affidavit, as provided for in paragraph 813, was filed or not. The agreed statement of facts, however, in showing that the gauging of the shipment was completed on February 5, 1945, and that the affidavit was filed on February 12, 1945, fully establishes, for the reasons heretofore stated, that the affidavit was filed within the 15 days allowed by law. Therefore, the collector should have followed the law as announced in the foregoing decisions and reliquidated the entry in accordance with the quantities declared to be the dutiable quantities in the mandate.

Subsequent to said reliquidation of the entry on January 23, 1948, and the filing of the protest against the collector's refusal to act, the Congress enacted Public Law 612, *supra*. As will be seen therefrom, paragraph 813 was not only amended as to the manner of determining the dutiable quantities of alcoholic beverages, but the amendment was made retroactive so as to affect any such alcoholic beverage entered or withdrawn before the enactment of the law with respect to which the liquidation of the entry or withdrawal, the exaction, or *"the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930."*

The decision and mandate of this court was rendered on January 31, 1947. Following *United States* v. *Somerset Importers, Ltd.*, *supra*, it was held that the dutiable quantity should be measured by the quantity gauged at the port of destination rather than at the port of arrival in the United States, and thus finally determined the quantity upon which duty should have been assessed. The reliquidation by reason of the court's mandate was not made until January 23, 1948, nearly a year after the decision of the court, which, under section 515,

became final and conclusive upon all parties unless an appeal was filed in the United States Court of Customs and Patent Appeals. No such appeal was taken against the judgment of this court. Therefore, the judgment of the court as to the dutiable quantity became final and conclusive upon all persons 60 days after the decision in said Abstract 51550.

A similar situation arose in the case of *Maui Dry Goods & Grocery Co., Ltd.* v. *United States*, 24 Cust. Ct. 297, C. D. 1251, wherein the court stated:

The question presented is whether, by reason of the failure of the collector to carry out the mandate of the court and reliquidate the entry in accordance with the law as set out therein, the plaintiff can protest the reliquidation and under the terms of Public Law 612 open up the entire issue of whether or not duty should be refunded upon all liquors assessed upon a quantity greater than that used for the assessment of internal revenue taxes.

Section 2 of Public Law 612 declares that this amendment shall be effective as to any such merchandise entered or withdrawn before the date of the enactment of that act with respect to which the decision as to the dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

Is there any reason why the decision of this court in the case of *Maui Dry Goods & Grocery Co., Ltd.* v. *United States*, decided October 9, 1947, as reported in the schedule of protests in Abstract 51947, has not become final? There was no appeal. * * * Therefore, the only matter before this court for decision is that the collector erred in not reliquidating upon the basis of the storekeeper-gauger's return, in accordance with the provisions of paragraph 813 as then enacted.

Judgment will therefore be rendered directing the collector to reliquidate the entry in accordance with the mandate of the court in its original decision, and to make refund of duties in accordance with law. * * *

For the reason stated, and following the decision in the foregoing case, it is the holding of this court that the decision as to the dutiable quantity, arising under the provisions of section 514, was finally decided prior to the enactment of Public Law 612. Therefore, a protest brought against the collector's refusal to reliquidate an entry in conformity with the mandate of this court, a purely ministerial action, is insufficient to so resurrect the issue involved therein that the retroactive features of Public Law 612 may be applied to such alcoholic beverages as are covered by the entry, so as to affect the quantity upon which duty was lawfully assessed.

Judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry refunding duties upon the missing contents of the four barrels in question in accordance with law. In all other respects the protest is overruled.