(C. D. 1406)

SCHENLEY DISTILLERIES, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 22, 1952)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

JOHNSON, Judge: The question at issue in this case involves the quantity of alcoholic beverages upon which the collector assessed duty in reliquidating the entry in conformity with a decision and judgment of this court. The plaintiff claims that the collector should have assessed duty only upon the quantity subject to the imposition of internal revenue tax by reason of the amendment of paragraph 813 of the Tariff Act of 1930 by Public Law 612, approved June 8, 1948.

At the trial of this case counsel for the plaintiff contended that in reliquidating the entry pursuant to the judgment order of this court, the collector was required, because of Public Law 612, to assess duty on the same quantity on which internal revenue taxes were assessed. It was stipulated and agreed between counsel for both sides in open court as follows:

MR. QUALEY: * * *

I offer to stipulate with Government counsel that the merchandise involved in this protest consists of certain alcoholic beverages dutiable under the provisions of Schedule 8 of the Tariff Act of 1930, as amended; that the merchandise was entered by Schenley Distilleries, Inc., at the Port of Lawrenceburg in the Customs

District of Indiana on August 23, 1946 under Warehouse Entry 34–L; that the entry was liquidated on May 1, 1947, wherein duty was assessed on the basis of 21402.99 Proof Gallons of liquor at the rate of $2.50 per gallon and Internal Revenue taxes were assessed on the basis of 21295.9 Proof Gallons at the rate of $9.00 per gallon; that protest was duly filed on June 13, 1947 against the liquidation of this entry claiming that duty had been assessed on too great a quantity of merchandise; that this protest when transmitted to the United States Customs Court was docketed as #132144–K and submitted for decision of the Court on the basis of a stipulation that the issue involved was the same in all material respects as that involved in the case of United States v. Somerset Importers Ltd., 33 C. C. P. A. (Customs) 138 C. A. D. 328; that said protest 132144–K was decided on April 22, 1948 and was reported in Abstract No. 52288, as The Old Quaker Co. et al. v. United States, 20 Cust. Ct. 308; that the Judgment Order of the Court was in the following language—

> It is hereby ordered adjudged and decreed: that the protests in this case enumerated in Schedule A hereto attached and made part of our decision herein, are sustained as to the claim for refund of duties upon such losses in transit of the alcoholic beverages contained in the packages covered by said entries as were caused by breakage, leakage or damage, insofar as such losses appear upon the gauger's return, as verified by the affidavits of the importers, and only as to such as are 10 per cent or more of the contents of the packages, and the Collector will reliquidate the entries making allowance in duties in accordance with law.

I further offer to stipulate that in compliance with said mandate the entry described above was reliquidated by the Collector of Customs on December 23, 1948 which reliquidation resulted in the assessment of duty on 21352.76 Proof Gallons at the rate of $2.50 per gallon and the assessment of Internal Revenue taxes on the same quantity as was assessed on liquidation, namely, 21295.9 proof Gallons at the rate of $9.00 per gallon.

That while said entry was still before the Collector and prior to reliquidation a demand was made under date of August 19, 1948 requesting said Collector to make further allowances in accordance with the provisions of Public Law 612, approved June 8, 1948; that the said Collector refused to make such further allowances in reliquidating the entry and the instant protest was filed against said reliquidation.

MR. VITALE: Upon the authority of the Assistant Collector of Customs, Emmie Anderson, The Government is willing to so stipulate.

## Public Law 612 amended paragraph 813 to read as follows:

PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

## Public Law 612 further provides, however, in section 2 thereof, as follows:

SEC. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

## Sections 514 and 515 of the Tariff Act of 1930 provide as follows:

## SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

## SEC. 515. SAME.

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law.

Counsel for the plaintiff contends that the decision or liquidation had not become final when Public Law 612 was enacted. In that respect, it is argued that Congress must have meant that all conditions set forth in section 2 of Public Law 612 must have become final by reason of section 514 before the application of the law is foreclosed, and so long as any one condition has not become final, the benefits of Public Law 612 are to be applied. It is pointed out that when a protest is filed and is not acceded to by the collector within his 90-day review period the protest is transmitted to the United States Customs Court, and *the collector's decision or the liquidation of the entry* can not

become final until after the disposition of the protest by the court. It is argued that final action on the protest is not complete until after the collector's computation or reliquidation, pursuant to the court's mandate, and until such action is taken and 60 days have elapsed, the entry must still be under protest. Counsel for the plaintiff, although admitting that the collector's act in reliquidating an entry pursuant to a judgment order of this court may be a purely ministerial one, urges that it is a very necessary part of the computation of the correct duties, and since the judgment order is not for a specific sum of money but is a direction to the collector to perform certain tasks, the correct duties for the importation are not ascertained unless and until they are performed. Counsel for the plaintiff also urges that the protest was filed after only 43 days of the 60-day period had expired and that the filing of the protest suspended the running of the statute of limitations, and the suspension prevails until after final action on the protest has been taken pursuant to a court decision.

Counsel for the plaintiff further urges that the collector was not barred by the provisions of section 514 or the judgment order of this court in the original stipulated case from giving effect to the provisions of Public Law 612 in his reliquidation. It was pointed out that the judgment order of this court was promulgated on April 22, 1948, but the collector did not reliquidate the entry in compliance therewith until December 23, 1948, which was after the effective date of said Public Law. It is urged, therefore, that under the provisions of Public Law 612, the collector is compelled to grant the allowances provided for therein, and in not doing so, the collector has failed to follow the congressional mandate set forth in Public Law 612. As authority for such action of the collector, counsel for the plaintiff cites the case of *Mitsubishi Shoji Kaisha, Ltd.* v. *United States*, 8 Cust. Ct. 199, C. D. 603.

Counsel for the plaintiff further contends that, even if the word "decision" in section 2 of Public Law 612 is construed to mean the decision of the United States Customs Court in the original stipulated case, such decision was not final when this law was passed, for the reason that the decision and judgment order issued by this court, upon which the collector acted in this case, were issued on April 22, 1948, and, within 60 days thereof, Public Law 612 became operative. Consequently, as the decision of the court was not final when the law was passed, the retroactive portions of section 2 thereof are brought directly into operation. In support thereof, the case of *Hewitt* v. *Phelps*, 105 U. S. 393, is cited.

Counsel for the Government contends that as the final judgment of this court was rendered on April 22, 1948, and an appeal was not taken, the question of the dutiable quantity of liquor was settled and placed beyond any remedy by way of protest. Further conten-

tion is made that the plaintiff is estopped from claiming under Public Law 612 because the plaintiff expressly limited its claim to an allowance in duties for verified losses of quantities amounting to 10 per centum or more of the contents of the barrels, thus abandoning the right to make any further claims for quantity loss.

In respect to the amendment of paragraph 813 by Public Law 612 being such congressional mandate as would require the collector to assess duty only upon quantities subject to the imposition of internal revenue taxes, even though the mandate of this court did not direct him, as a ministerial officer, to reliquidate upon such basis, counsel cites the case of *Mitsubishi Shoji Kaisha, Ltd.* v. *United States, supra.* There, the collector had originally classified the product under the silk schedule. The protests claimed that the merchandise was dutiable under the cotton schedule. The protests were sustained. When the collector reliquidated, he did so in conformity with the mandate of the court, assessing duty at the appropriate rates according to the number of thread counts and other statutory requirements under the paragraphs in question, plus 5 per centum ad valorem as cotton cloth in part of silk. All this was in strict compliance with the judgment of the court. However, the collector also proceeded to assess duty at 10 cents per pound on the cotton content upon his determination that the cotton had a staple of 1⅛ inches or more in length.

Because of the collector's action in assessing the 10 cents per pound duty in addition to the assessment in accordance with the court's action, a protest was filed contending such assessment was illegal and void. The court was of opinion that the paragraph under which the 10 cents per pound was assessed amended every paragraph in the schedule, unless specifically excepted therefrom, and it held, therefore, that there was nothing in the court's mandate which prohibited the collector from "applying the congressional mandate contained in paragraph 924," and his action was held not a disobedience of the court's judgment.

The situation in the case in question is not the same. When Congress passed Public Law 612, *supra,* for reasons not disclosed, it bountifully granted to importers of alcoholic beverages the privilege of having returned to them duties rightfully collected upon entries of such beverages already liquidated when taken upon quantities which were in excess of the quantities upon which internal revenue taxes were based. The provision alone has caused thousands of dollars rightfully collected as duties to be taken from the coffers of our Treasury Department and handed back to the liquor interests of this country. See *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155. Such munificent act applied only to such of the collector's decisions concerning the dutiable quantity as had not become final, either because the time within which the collector could

reliquidate, as provided in paragraph 514, had not expired, or the liquidation had not become final, because a protest had been filed against the reliquidation which suspended the running of the statute. In the *Mitsubishi* case, *supra*, there never was any such contingency. The law required the collector in assessing duty under the cotton schedule to determine the length of staple and, if more than 1⅛ inches, to assess an additional duty of 10 cents per pound. As the collector had erroneously assessed duty upon the product as silk, he had not made the test for length of cotton staple which he should have done at the time of liquidation.

In the case at bar, the collector was never required to base the duty to be assessed upon alcoholic liquors upon any quantity other than the exported or landed quantity until the passage of Public Law 612. Such law, however, was not effective at the time of his liquidation. It was not effective at the time of the decision of this court from which there had been no appeal. It became effective within 60 days thereafter, but no rehearing nor appeal was asked for or granted, and, of course, the new law was effective before the collector finally reliquidated in accordance with the mandate of this court. However, at that time, the decision as to the dutiable quantity had long since been finally determined, as will be shown below.

In an effort to establish that the decision of the court was not final, counsel for the plaintiff cites the case of *Hewitt* v. *Phelps*, *supra*. There, it was contended that the circuit court had no jurisdiction to proceed with the cause, first, because no suit was pending at the time of the passage of the act in question, nor was one thereafter brought; and second, because when the petition for the removal of the cause to the circuit court was filed, the trial in the state court had already taken place, or at least was begun and was in progress, whereas the act required that the petition for removal should begin before the trial.

The Supreme Court, however, found neither of the positions tenable. It found two classes of suits, those pending at the time of its passage, and those thereafter brought. As to the suit there in question, the Supreme Court stated that it could not be said at the time of the passage of the act to have ended, although the decree was final in respect to the court of chancery which had rendered it, and would have become so between the parties if no appeal had been taken within the time limited by law. But until that period had elapsed, the suit was held still to be a *lis pendens*, in the sense that the party against whom the decree had been rendered had the right by an appeal further to prosecute it, which was not the beginning of a new suit but was only an additional step in the progress of an existing one. The decisions of this and our appellate court as to the pendency of a suit are all of like import. No appeal was taken in the case before us, in the absence of which it became final.

That brings up the question raised by plaintiff that the final action relative to the quantity was not complete until after the collector's computation or reliquidation pursuant to the court's mandate and the 17 days remaining of the 60 days after the collector's liquidation of the entry. In *Von Bremen, Asche & Co.* v. *United States*, 38 Treas. Dec. 730, T. D. 38546, G. A. 8393, arising under the Tariff Act of 1913, the reliquidation of the entries by the collector was governed by the act of June 22, 1874 (18 Stat. 190), providing that the "settlement of duties shall, after the expiration of one year from the time of entry in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties." The two entries there in question were made in December 1917 and liquidated in December 1917 and January 1918. On September 11, 1918, the collector reliquidated both entries, computing the exchange at a different value, causing an increase in duties. A protest was filed on or before December 5, 1918. The collector allowed the protest, reliquidating on January 21, 1919, computing the value of the currency as claimed in the protest, but he did not return any duties, and then, on January 22, 1919, the collector again reliquidated at a higher rate. Such reliquidation was protested and became the controversy before the court in that case.

The question raised in that case was whether the last reliquidation of the entries was legally within the act of June 22, 1874, or whether it was barred by statute. The court stated that it was not the filing of the protest but its pendency which suspended the operation of the statute, and when the protest was finally disposed of, the statute which was arrested would again commence to run. By reason of the first protest filed, the statute was suspended during that time. The suspension ended, it is true, when the collector acceded to the protest and reliquidated, the reliquidation ending the suspended status of the statute, but the protest was not sent to the court for decision. Therefore, the statute began to run again upon reliquidation, whereas if there were a decision of the court, the statute would begin to run when the decision, not appealed from, became final and conclusive.

For the reason that the *Von Bremen* case, *supra*, involved the suspension of the statute by the filing of a protest which was acceded to by the collector rather than upheld by a decision of the court, it is not authority for holding that it is the reliquidation of the collector which commences the running of the statute rather than the decision of this court.

In the case of *Zunino-Altman, Inc.* v. *United States*, 64 Treas. Dec. 127, T. D. 46561, the entry was liquidated on May 29, 1930, which was during the period when an application for abatement of duty under section 563, Tariff Act of 1922, was pending. The court handed down

its decision, which became final on February 23, 1931, and no appeal was taken therefrom. On March 26, 1931, the collector reliquidated the entry in accordance with the decision of the court. A protest was filed against such reliquidation. The Government moved to dismissed the protest on the ground that it was filed 11 months after the liquidation of May 29, 1930. The court held that the 60-day period of limitation provided for in section 514 of the Tariff Act of 1922 did not commence to run against the original liquidation during the time that the damage claim was pending final decision. Following the cases of *Von Bremen, Asche* v. *United States, supra,* and *Chew Chong Tai et al.* v. *United States,* 56 Treas. Dec. 365, T. D. 43641, insofar as it was held therein that "the pendency of a protest arrests the operation of the statute of limitations," the court further held that the damage case "was pending until the decision therein became final on February 23, 1931; therefore, if the instant protest was filed within 60 days after that date, it is timely. Since it was filed 59 days thereafter, on April 23, 1931, defendant's motion to dismiss for untimeliness is denied." The claim case was decided by the court and its judgment order issued on December 26, 1930, and became final 60 days thereafter, which the court noted was February 23, 1931.

Thus, it appears that the statute did not run against the liquidation at all because the entry was liquidated during the time that a claim was pending. It started to run, however, not from the date of the decision, according to the court, but from the date such decision became final and conclusive upon all parties, which was 60 days thereafter.

In the case of *Maui Dry Goods & Grocery Co., Ltd.* v. *United States,* 24 Cust. Ct. 297, C. D. 1251, the original decision on quantity was rendered October 9, 1947. Reliquidation in which the collector refused to follow the decision and mandate was accomplished May 6, 1948, almost 7 months after the court rendered its decision. Protest against such reliquidation was duly filed. After the filing of the protest, Public Law 612, *supra,* became effective. The importer contended that such law was applicable under section 2 thereof. The court noted that no appeal from the original decision of the court was taken to the Court of Customs and Patent Appeals and held that in the absence thereof "the judgment of the court became final and conclusive upon all persons 60 days after the decision" of October 9, 1947, that is to say on December 8, 1947, and the only matter before the court for decision was the collector's refusal to reliquidate in accordance with the mandate of the court.

In the case of *Alfred Hart Distilleries, Inc.* v. *United States,* 27 Cust. Ct. 1, C. D. 1338, the original decision on quantity was not followed . by the collector in his reliquidation of January 23, 1948. Protest

against the collector's refusal to follow the court's mandate was duly filed. Subsequently, Public Law 612 was enacted. The plaintiff at the trial contended that the entry should be reliquidated in accordance with Public Law 612. The court held that its decision became final and conclusive upon all parties 60 days after it was rendered unless an appeal was filed. No such appeal was taken, and the protest against the reliquidation was held insufficient to so resurrect the issue involved therein that the retroactive features of Public Law 612 may be applied.

In the case of *Paramount Distillers, Inc.* v. *United States*, 27 Cust. Ct. 270, Abstract 55718, the dutiable quantity had been decided in 1947, favorable to the importer's contention. Reliquidation was effected in accordance with the decision but not until 1949, after Public Law 612 became operative. A protest was filed against such reliquidation contending that the quantity was excessive on account of the retroactive features of Public Law 612. Counsel for the Government moved to dismiss for the reason that reliquidation was made in conformity with the court's decision and mandate upon which no appeal had ever been filed, and consequently the decision as to quantity had become final and conclusive upon all parties prior to the effective date of Public Law 612. The court sustained the Government's contention and granted its motion to dismiss.

It is clear from the foregoing decisions that 60 days after promulgation, the decision of this court becomes final and conclusive upon all parties, including the collector, whose only duty is to reliquidate in accordance with the court's mandate, admitted by the plaintiff herein to be a purely ministerial act.

Plaintiff's contention that only 43 days of the 60-day period in which the collector is given by statute to act had expired at the time of the filing of protest, thus leaving the collector 17 days in which he was able to reliquidate the entry in conformity with Public Law 612, is also unavailing in this case for the reason that the statutory time began to run 60 days after the decision of the court and had long expired before the collector reliquidated the entry in conformity therewith.

For the reasons stated it is the holding of this court that the decision rendered on April 22, 1948, reported in Abstract 52288, as *The Old Quaker Co. et al.* v. *United States*, 20 Cust. Ct. 308, was final and conclusive against all parties 60 days after the promulgation thereof, there being no appeal, and had the collector acceded to the demand of the plaintiff and attempted to reliquidate the entry in conformity with Public Law 612, as demanded, his action would have been illegal and void. Judgment will therefore be entered in favor of the Government.