Johnson, Judge:
This controversy involves the refusal of the collector of customs at the port of San Francisco to reliquidate warehouse entry 2865 in conformity with a judgment of this court (protest 125174-K, Abstract 51949, initial protest 119785-K), wherein duties assessed upon alcoholic beverages lost in transit, as shown by the gauger’s return, verified by the importer’s affidavit, were ordered refunded.
Protest 125174r-K was submitted before this court upon a stipulation between the parties as to the facts in the case. The stipulation involved 44 protests, filed by 18 different plaintiffs. It was agreed that the merchandise and the issues in each case were similar in all respects to the facts and issues in the case of United States v. Somerset Importers, 33 C. C. P. A. (Customs) 138, C. A. D. 328; that a quantity of liquor amounting to 10 per centum or more of the value of the contents of each of the barrels, casks, packages, etc., in question “was lost in transit from the port of exportation to the port of destination, due to breakage, leakage or damage; that no allowance was made therefor in liquidation of the duties; and that said loss appears from the gauger’s return verified by a timely affidavit by the importer.”
*327 The stipulation has attached thereto the certification by Deputy Collector Leo Jos. Reilly which appears as follows:
I hereby certify that I have personally examined the entries and the documents which have been filed with said entries involved in the foregoing stipulation in accordance with the regulations prescribed by the Secretary of the Treasury, and I believe the facts set forth in the stipulation are true and correct.
The reason for not granting the allowance for loss in the liquidation of entry 2865, given by Collector of Customs Paul R. Leake, whose name and title were appended by rubber stamp and signed by H. Park, was because of the provisions of paragraph 813, Tariff Act of 1930, certain regulations, Bureau of Customs letter, and Customs Information Exchange reports. The reason for not granting allowance in duties in conformity with the court’s decision, printed in Abstract 51949, and the court's mandate was given on April 14, 1948, under the same collector’s rubber-stamp signature, by the personal signature, quite illegibly written, of someone presumably authorized to sign such reports, reading as follows:
No allowance in duty was made in reliquidation because there was no evidence that the cask or package had been broken or otherwise injured in transit from a foreign port.
Upon the reliquidation data, consisting of a memorandum written in red ink attached to the entry, there is indicated that the reliquidation was without change, the alleged reason appearing over the initials “FS” as follows:
No evidence of damage or injury to casks.
The entry papers disclose that there is a certification by the importer that barrel numbered 62 lacked 17.5 gallons; barrel 64, 34 gallons; barrel 72, 43.5 gallons; barrel-74, 11 gallons; and barrel 75, 12 gallons. The barrels were reported at the warehouse to be leaking and stained, and the report of the weigher at the port of San Francisco establishes the shortages verified in the affidavit.
Inasmuch as it was agreed between counsel that a quantity of liquor amounting to 10 per centum or more of the value of the contents of each of the hogsheads named was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage, and, furthermore, that the importer’s affidavit pertained to the loss appearing upon the gauger’s return, the court can reach no other conclusion, in view of the case incorporated, than that the collector is now attempting to repudiate the agreed statement of facts and the applicability of the Somerset case, supra. A similar situation arose in Maui Dry Goods & Grocery Co., Ltd. v. United States, 24 Cust. Ct. 297, C. D. 1251, where the collector was directed by the court to reliquidate the entry in accordance with the mandate issued. See also Juillard Cockcroft Corp. dba Juillard, Inc. v. United States, protest 137359-K, Abstract 57670, decided concurrently herewith.
For the reasons stated, judgment will be entered in favor of the plaintiff, and the collector is directed to re-reliquidate the entry in accordance with the mandate of this court in its original decision and to refund duties accordingly.