UNITED STATES v. DICKSON.

(Circuit Court of Appeals, Second Circuit. May 24, 1905.)

No. 175 (3,456).

1. Customs Duties—Collector of. Customs—Duty to Follow Decisions of General Appraisers.

Where, under section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], the Board of General Appraisers sustains an importer's protest against the assessment of duty by a collector of customs, it becomes the duty of the collector to reliquidate the entry in accordance with the board's decision.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 197.]

2. Same—Protest—Sufficiency.

Where, in reliquidating an entry pursuant to a decision of the Board of General Appraisers rendered under section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], the collector fails to allow the importer all he is entitled to under such decision, the importer may legally file a protest against the action of the collector, as provided in said section.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The court below reversed the decision of the Board of United States General Appraisers, which had overruled the protest of George Dickson against the assessment of duty by the collector of customs at the port of New York. The opinions filed by the Circuit Court and the board are given in 131 Fed. 573.

Charles Duane Baker, Asst. U. S. Atty.

Edward Hartley, for the importer.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Upon the review by the Board of General Appraisers of the decision of the collector, pursuant to a protest of the importer, when the decision sustains the protest it becomes the duty of the collector, pursuant to section 14 of the customs administrative act (Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]), upon the transmission of the record to him by the Board of General Appraisers, to liquidate the entry according to the decision of the board. The former liquidation is abandoned so far as it is affected by the decision of the board, and to that extent is as though there had never been a liquidation. Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, 32 L. Ed. 269. In this case the collector, instead of conforming to the decision of the board, which was that the importations, consisting of ginger ale in bottles, were free of duty, decided that they were subject to a duty upon the corking and wiring of the bottles, and liquidated the amount accordingly. The importer duly protested in writing within 10 days of the liquidation, and took the proper steps to obtain a review under section 14 by the Board of General Appraisers. The board decided that the protest was filed too late, because 10 days had expired after the original liquidation by the collector. We

agree with the court below that this position is wholly untenable. Indeed, it can hardly be treated seriously. Undoubtedly an importer cannot a second time successfully challenge the same decision, and, if his protest against the first liquidation has been overruled by the Board of General Appraisers, he must seek his remedy by an application to the courts pursuant to section 15.

The Board of General Appraisers conceded that the second protest was well founded, and decided against the importer solely because it was too late. We concur with them that it was well founded, and entertain no doubt that the importer was entitled to another liquidation, superseding the second one made by the collector.

The decision of the Circuit Court reversing the Board of General Appraisers is affirmed.