**No. 51944.**—Peping Co. *v.* United States, protest 22236–K/89045 (Chicago).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372). In accordance therewith certain items of the merchandise were held free of duty under paragraph 1669 as crude drugs, and other items were held dutiable at 10 percent under paragraph 34 as drugs, advanced.

**No. 51945.**—J. E. Bernard & Co., Inc., et al. *v.* United States, protests 117300–K/334, etc. (Chicago and Detroit).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51946.**—S. A. Haram et al. *v.* United States, protests 998151–G, etc. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51947.**—Joseph Abrams Co. et al. *v.* United States, protests 109451–K, etc. (San Francisco).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the value of the contents of each of the barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 51948.**—Pacific Liquors, Ltd. *v.* United States, protest 119082–K (Honolulu).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the value of the contents of each of the barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.