**No. 57670.**—Juillard Cockcroft Corp. dba Juillard, Inc. *v.* United States, protest 137359–K (San Francisco).

JOHNSON, Judge:   In this action, the plaintiff contends that the collector at the port of San Francisco failed to follow a judgment rendered by this court (protest 126409–K, Abstract 51947, initial protest 109451–K), wherein duties assessed upon alcoholic beverages lost in transit, as shown by the gauger's return, verified by the importer's affidavit, were ordered refunded.

Protest 126409–K was submitted upon an agreed statement of facts, in a stipulation made between Government counsel and counsel for the importers, that the merchandise and the issues involved were similar in all respects to the facts and issues in the case of *United States* v. *Somerset Importers*, 33 C. C. P. A. (Customs) 138, C. A. D. 328; that a quantity of liquor amounting to 10 per centum or more of the value of the contents of each of the barrels, casks, packages, etc., described in the invoices and entries there involved, was lost in transit from the port of shipment to the port of *destination*, due to breakage, leakage, or damage; that the collector had made no allowance for such loss in the liquidation of the duties; and that said loss appearing upon the gauger's return was verified by a timely affidavit by the importers.

The said stipulation bears the following certification by Deputy Collector Leo Jos. Reilly:

I hereby certify that I have personally examined the entries and the documents which have been filed with said entries involved in the foregoing stipulation in accordance with the regulations prescribed by the Secretary of the Treasury, and I believe the facts set forth in the stipulation are true and correct.

In the liquidation complained about, certain regulations of the Secretary of the Treasury, Bureau of Customs letter, and Customs Information Exchange reports were stated as authority for not granting allowance by Collector of Customs Paul R. Leake, whose name and title were appended by rubber stamp and signed by H. Park.

The alleged reason for not granting allowance in duties in conformity with the court's mandate was given in the collector's answer to protest on April 5, 1948, under the same collector's rubberstamp signature, by the personal signature, quite illegibly written, of someone presumably authorized to sign such reports. Such alleged reason appears as follows:

No allowance in duty was made in reliquidation because there was no evidence that the cask or package had been broken or otherwise injured in transit from a foreign port.

In the reliquidation data, typewritten in red and attached to the entry, the reason given for a reascertainment of duty at "No change" also appears over the initials "JS" as:

No allowance for breakage inasmuch as breakage affidavit does not specify case numbers and breakage in each such case.

There were 120 protests and 42 different importers included in the stipulation of facts used as a basis of the court's decision in protest 109451–K, including protest 120036–K, decided in *Maui Dry Goods & Grocery Co., Ltd.* v. *United States*, 24 Cust. Ct. 297, C. D. 1251 (protest 138228–K), upon which a protest was filed against the same collector's failure to reliquidate in conformity with the decision rendered. In that case, an affidavit was filed with the collector verifying the report of the storekeeper, as in the pending case, and also in that action no case numbers were given. The court there succinctly stated:

\* \* \* The ineptness of the collector in not following the mandate does not make it any the less final. [Referring to the decision of this court.] Therefore, the only matter before this court for decision is that the collector erred in not reliquidating upon the basis of the storekeeper-gauger's return, in accordance with the provisions of paragraph 813 as then enacted.

The collector was directed by the court in plain English, that could not possibly have been misunderstood, to reliquidate the entry in accordance with the mandate issued.

It is the opinion of this court that if the collector of customs at the port of San Francisco was not satisfied with the decision of this court the only legal remedy, as well as that least expensive to the Government, would have been an appeal to a higher tribunal.

In view of the decision in the *Somerset* case, *supra*, incorporated as a part of the record in protest 126409–K, and the decision in the *Maui* case, *supra*, the collector is directed to re-reliquidate the entry in accordance with the mandate of this court in its original decision and to refund duties accordingly, and judgment will be so entered.