No. 59575.—Rivoli Scarf & Novelty Co. and Air Express International Agency, Inc. *v.* United States, protests 185324–K, etc. (San Francisco).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

No. 59576.—The Specialty House, Inc., and Bryant & Heffernan, Inc., et al. *v.* United States, protests 186629–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

No. 59577.—Pamco, Incorporated, and Mattoon & Co., Inc. *v.* United States, protest 245548–K (San Francisco).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

No. 59578.—Adorence Co. et al. *v.* United States, protests 261208–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to

those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59579.**—Associated Dry Goods Corp. (Lord & Taylor Div.) et al. *v.* United States, protests 270626–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, DECEMBER 16, 1955

**No. 59580.**—Moses Harvey Brotman et al. *v.* United States, protests 138212–K, etc. (San Francisco).

JOHNSON, Judge:   In this action, plaintiffs contend that the collector at the port of San Francisco failed to follow judgments rendered by this court, wherein duties upon alcoholic beverages lost in transit, as shown by the gaugers' returns, verified by the importers' affidavits, were ordered refunded.   *Joseph Abrams Co.* v. *United States*, 19 Cust. Ct. 146, Abstract 51947; *Traders Distributing Co.* v. *United States*, 19 Cust. Ct. 147, Abstract 51949.

Counsel have submitted these cases on a stipulation reading as follows:

It is hereby stipulated as follows concerning the merchandise referred to below:

1)   The merchandise and the issues involved herein are similar in all respects to the facts and issues in Juillard Cockcroft Corp. v. US, Abstract 57670, and Baer v. US, Abstract 57671, wherein the court ordered the collector to re-reliquidate the entries in accordance with the mandate of the court in its original decision.

2)   The records in said decided cases may be admitted in evidence herein and upon this stipulation these protests may be deemed to be submitted.

In view of this stipulation and on the authority of the decisions cited, judgment will be rendered for the plaintiffs, directing the collector to re-reliquidate the entries in accordance with the mandates of this court in its respective original decisions and to refund duties accordingly.

DISSENTING OPINION

DONLON, Judge:   I do not concur with my colleagues.   This action is not properly before us.   These plaintiffs are clearly aggrieved, but their remedy is not in the relief their protests seek.

They have protested reliquidations by the collector of certain entries, without his complying with the final judgments of this court, entered October 9, 1947.   I find no authority in law for reliquidation by a collector after determination by this court on protest, save only a reliquidation in compliance with the mandate of the final judgment of this court.   The reliquidations now before us are void and, therefore, not protestable on the merits.