BEFORE THE THIRD DIVISION, NOVEMBER 26, 1958

No. 62479.—Lekas & Drivas, Inc., et al. v. United States, protests 290122–K, etc. (New York).

JOHNSON, Judge: These are protests against the collector's reliquidation of entries covering importations of certain cheeses on the ground that the collector failed to follow a judgment order of this court, dated March 3, 1955. The relief requested is that the entries be re-reliquidated with allowance following the judgment order.

In our original decision and judgment, which covered over 90 protests and entries, we held that the merchandise represented by the items marked with the letter "A" on the invoices was properly dutiable at 5 cents per pound, but not less than 25 per centum ad valorem, under paragraph 710 of the Tariff Act of 1930, as modified by the trade agreement with Argentina, T. D. 50504, and the collector was directed to reliquidate the entries accordingly. *John Alban & Co., Inc., et al.* v. *United States*, 34 Cust. Ct. 299, Abstract 58798. It appears, however, that on reliquidation, the collector did not fully comply with the mandate of this court as to the entries involved herein.

At the trial, counsel for the defendant stated that the Government had no objection and recommended that allowances be made according to the amended report of the collector in each case.

The issue before the court, however, is the effect of the collector's failure to reliquidate in conformity with the decision and judgment of the court and the proper remedy available to the plaintiffs.

It is well settled that when a decision and judgment of this court have become final and conclusive on all parties, it is the duty of the collector to reliquidate in accordance with the court's mandate. *United States* v. *Kurtz, Stuböeck & Co.,* 5 Ct. Cust. Appls. 144, T. D. 34192; *United States* v. *Dickson,* 139 F. 251, T. D. 26422; *Fulghum & Co.* v. *United States,* 1 Cust. Ct. 284, C. D. 66; *Aris Gloves, Inc.* v. *United States,* 20 Cust. Ct. 102, C. D. 1091; *Maui Dry Goods & Grocery Co., Ltd.* v. *United States,* 24 Cust. Ct. 297, C. D. 1251; *Juillard Cockcroft Corp., etc.* v. *United States,* 31 Cust. Ct. 325, Abstract 57670. Such a reliquidation does not constitute a decision by the collector and is not subject to protest under section 514 of the Tariff Act of 1930, provided it follows the mandate of the court. *Smith* v. *United States,* 1 Ct. Cust. Appls. 489, T. D. 31527; *United States* v. *Edward M. Poons Co. of Kobe, Inc.,* 18 C. C. P. A. (Customs) 283, T. D. 44451; *Bullocks, Inc.* v. *United States,* 7 Cust. Ct. 12, C. D. 522. The reason for this rule and the distinction to be made where the collector disobeys the order of the court was set forth in *Smith* v. *United States, supra,* as follows (p. 492):

We think it clear that in carrying out the mandate of the board the collector made no "decision" within section 14 of the customs administrative act. The rate of duty applicable to the cherries having been previously ascertained by him, the mandate of the board prescribed precisely his actions and there was nothing for him to determine or decide. He simply and only applied, or did not apply, in each case as directed by the board the unquestioned invoice value of

certain charges in a class of cases, the determination of which class he had previously decided. Had the collector changed his previous decision as to the classification of the cherries, or had he disobeyed the mandate of the board by adding charges to a class of cases not included within the mandate, or extended the same to parts of the invoice not the subject of the decision, he would have gone beyond the letter of the mandate and made *decision* which would be the proper subject of protest, and to question the validity of which these protests would have been timely if sufficient. [Italics quoted.]

See also *Roessler & Hasslacher Chemical Co.* v. *United States*, 13 Ct. Cust. Appls. 451, T. D. 41347, where an appeal was taken from a favorable judgment of the trial court because the collector had refused to reliquidate in accordance therewith. The court dismissed the appeal, stating (pp. 455–456):

We are unable to understand how a modification of a favorable judgment will afford any relief to the appellant. This one is unambiguous and is not susceptible of more than one interpretation. The collector should have reliquidated in accordance therewith. But if he failed, or refused so to do, because of the existence of a doubt in his mind as to his duty under the circumstances, the matter might very properly have been called to the attention of the Board of General Appraisers for such action as was proper under the circumstances; or *the appellant could have protested the collector's reliquidation in the event that it did not conform to the judgment order of the board.* [Italics supplied.]

In accordance with these views, judgment has often been rendered in cases where the collector has failed to follow the court's mandate, sustaining the protest and directing the collector to reliquidate in conformity with the court's original decision and judgment. *United States* v. *Kurtz, Stuböeck & Co., supra; Frank P. Dow Co., Inc.* v. *United States,* 69 Treas. Dec. 336, T. D. 48163; *Aris Gloves, Inc.* v. *United States, supra; Maui Dry Good & Grocery Co., Ltd.* v. *United States, supra; Juillard Cockcroft Corp., etc.* v. *United States, supra; Moses Harvey Brotman et al.* v. *United States,* 35 Cust. Ct. 351, Abstract 59580. In sustaining such a protest, the court is holding that the reliquidation is void and is directing the collector to follow the mandate of the court.

Without passing upon the question as to whether or not the plaintiffs herein might have another remedy, I find, in view of the cases cited, that, having chosen to raise the issue by way of protest against the collector's reliquidation, they are entitled to a judgment directing the collector to reliquidate in accordance with the decision and judgment of this court in *John Alban & Co., Inc., et al.* v. *United States, supra.* The protests are sustained and judgment will be rendered for the plaintiffs.

#### CONCURRING OPINION

RICHARDSON, Judge: Whereas I am inclined to the position that in situations where the collector has not followed the decision of the United States Customs Court in making a liquidation or a reliquidation, protest against such illegal action on the part of the collector should be dismissed as premature, as I have stated in the as yet unpublished opinion in *Nozaki Bros., Inc., Frank P. Dow Co., Inc., et al.* v. *United States* (protest 230945–K/41964), a case of first impression involving liquidation where the collector has failed to follow the decision of the United States Customs Court; in this particular case of reliquidation where the parties have proceeded to the point of submission in reliance upon the authorities cited in the principal opinion, without knowledge of the as yet unpublished opinion in the *Nozaki Bros.* case, and have submitted a stipulation showing that the collector has amended his report and is prepared to follow the judgment of the Customs Court in reliquidating, I feel that fairness and justice to all parties concerned warrant sustaining the protests.

DISSENTING OPINION

Donlon, Judge: These cases came to me in the first instance for preparation of the opinion of the court. As the matter developed, it has been necessary to rewrite my opinion as a dissent.

These cases are before us on the protests of plaintiffs against reliquidations by the collector made under authority of section 515 of the Tariff Act of 1930. Such reliquidations were subsequent to the final judgment order of this court in prior protest litigation that involved the identical merchandise entries now before us. It is complained, and conceded, that the collector did not reliquidate these entries in accordance with the judgment order of the court.

On this state of facts, the majority hold that the reliquidations are void, that nevertheless protest against these void liquidations is the appropriate remedy of plaintiffs, and that judgment should issue sustaining the protests. The principal opinion of the majority rests on cited precedents. The concurring majority opinion appears to hold, without citation of any authority for the proposition, that a reliquidation which is void at law, and, therefore, a nullity, may in a particular case (as here) have life breathed into it by stipulation of the parties, so as to confer on this court, by their act, jurisdiction to sustain the protests.

As the principal opinion aptly states, the issue before us is the effect of the collector's failure to reliquidate in conformity with the decision and judgment of the court.

There is no doubt that the principal opinion follows a considerable body of precedent, of which the decisions cited are typical. In my view, the time has come to reexamine the legal basis on which these precedents rest and, if that basis is found to be unsound, to change the rule. There is innate inconsistency in holding that an act of a collector is null and void, which means that it lacks legal authority *as an act*, and at the same time hold that this null act gives rise to the right of protest exactly as if it were not a null and void act. There is distinction in law between the acts of a Government official which are merely unlawful, and those which are void.

I am the more persuaded that the time has come for a reexamination of these precedents, because of the unfortunate effects of the present rule in giving rise to unnecessary litigation. It is notorious that court calendars are overcrowded, with consequent considerable delays in the administration of justice to litigants. One of the duties laid on judges is to make their rulings so clear that avoidable litigation is forestalled, and to this end to restudy old problems.

Collectors cannot be blamed for declining to conform their actions to the judgment orders of this court after inadvertent or other noncompliance, in view of existing holdings that, although such noncompliance is in fact null and void, it nevertheless stands as a legally effective action unless and until another timely protest again proceeds through litigation to final judgment. The possibilities of recurring litigation and delay under such a rule approach infinity. The consequent burdens, both on litigants and on the court, are beyond estimation.

What is void is null. That is to say, it does not exist. It has no legal force or effect and, hence, is incapable of confirmation or ratification. The principal opinion of the majority in *Nozaki Bros., Inc., et al.* v. *United States*, 41 Cust. Ct. 245, C. D. 2048, decided coincidentally, admirably illustrates, by cited authorities, the nullity of void acts. There is no need to encumber this opinion with repetition of those citations.

Mere citizens may do many things, however illegal, without much risk that what is illegally done is also a void act. Executive officers of Government do not

have such freedom of action. Their acts which are beyond the authority and powers that have been granted to them, are null and void.

The effects of void liquidations and reliquidations may be somewhat confused because of basic differences between the instant situation and the several authorities, with respect to liquidation and reliquidation, that have been granted by Congress to the collectors. These authorities are found in sections 505, 520, 521, and in section 515 when a reliquidation is within 90 days after protest. The instant cases do not fall within any of these statutory grants of power by Congress to the collectors to liquidate or reliquidate. These are reliquidations by order of the court.

There is no statutory grant of power to collectors to liquidate, reliquidate, or make any decision whatsoever, following entry of the final judgment order of the court in a protest litigation. The statutory authority in such case is that the collector shall act in accordance with the order of court. Section 515. *That* is the only grant of power by Congress to the collectors in such cases. Congress has stated its intention succinctly, and with admirable clarity.

In the prior protest litigation of these very entries, the final judgment order of the court was that the collector should reliquidate the entries according to the decision of the court and make refund of duties accordingly. This he failed to do. I concur with the majority that what the collector did was wholly void and null and, hence, without any legal force or effect. I do not concur with them that protest is, nevertheless, the appropriate remedy against the unlawful effects of a void liquidation, as the principal opinion holds, or that while protest in such a case would usually be dismissable as premature, the protests here have somehow attained valid jurisdictional status by stipulation of the parties, as the concurring opinion holds. I find no precedent for the second proposition. The undoubted precedents for the principal proposition require thoughtful consideration.

The protest procedure derives from section 514. It is entitled: "PROTEST AGAINST COLLECTOR'S DECISIONS." In general, what is protestable is some decision of a collector. Section 514 makes *decisions of the collector, including his liquidation or reliquidation* of any entry, final and conclusive upon all persons "unless the importer * * * paying such charge or exaction * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto."

(It may be noted, parenthetically, that the word "refusal" in section 514 means a refusal of the collector to correct clerical error under section 520 (c) (1), and that it does not embrace the "refusal" of a collector to reliquidate in accordance with the judgment order of the court.)

It has been held that failure of a collector to reliquidate as directed by the judgment order of the court is not a "decision" of the collector, for his act is ministerial and one over which he has no discretion. *Smith* v. *United States*, 1 Ct. Cust. Appls. 489; *United States* v. *Edward M. Poons of Kobe*, 18 C. C. P. A. (Customs) 283.

It has been held that when a liquidation or reliquidation, under statutory grant of power by Congress to the collectors is void because a collector failed to act within the limits of his grant of power, e. g., did not give notice pursuant to the rules of the Secretary of the Treasury, as Congress required him to do, his act is void because he had no authority to act other than as Congress prescribed and, hence, protest is premature. *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147. In such cases, effect is given by the court to that provision of section 514 which denies the right to protest *before* there is a valid liquidation or reliquidation.

Only in those cases in which reliquidation has been held void because the collector, acting purportedly under the second power granted to him in section 515, has not acted in accordance with the judgment order of the court, as Congress directed him to do, have the courts heretofore assumed such validity of the void reliquidation as to negate the provision, in section 514, that protest filed against a nonexistent reliquidation is premature. I use the word "assumed" because I find no reasoned theory in the decided cases for this extraordinary rule.

It is difficult to conceive what the importer ought to set forth "distinctly and specifically," as section 514 requires, in such a protest as the majority opinion sustains. With the final favorable judgment order on his original protest in hand, is he required to set forth the reasons for his objection to the reliquidation, in respect to the entry? To the payment? To what decision of the collector? In liquidating pursuant to court judgment in a protest proceeding, the collector can make no decision. The cases so hold.

It is axiomatic that hard cases make bad law. An importer who has litigated his protest grievance to final favorable judgment, only to find that the collector has failed or declined to give him his hard-won right, is certainly in a hard case. I submit, however, that the law which has developed from a succession of such hard cases is bad law. There is no statutory authority for protest when there is no effective liquidation, reliquidation, or decision. To the contrary, there is express statutory denial of the right of protest, as being premature in such cases.

Ours is the responsibility of interpreting the intention of Congress. Here that intention seems clear. When the judgment order of this court in a protest litigation has become final, the collector *shall* take action accordingly. There is no room for the exercise of his discretion. The action which the court directs, in a particular case, may or may not be a reliquidation and refund. Whatever the directed action is, the collector has no power to do anything save to comply, just as he has no power to fail to comply with the rules of the Secretary in an original liquidation. In either case, noncompliance makes his act void. There is nothing to protest. Hence, protest is premature, under the express language of section 514.

The concurring opinion, in giving litigable vitality to what is legally void, rests in part on equitable considerations, those of fairness and justice to the parties. Whether or not we possess such equitable powers as enable us to make valid what is void, is far from clear. As to fairness and justice, it is noted that these protests against the collector's unauthorized liquidations date from 1955. Fairness and justice surely would have been better served in such circumstances, and the time of this court and of counsel conserved, by our order in the underlying cases, *John Alban & Co., Inc., et al.* v. *United States*, 34 Cust. Ct. 299, Abstract 58798, directing the collector to act according to the final judgment order of this court with all deliberate speed. When there is brought to our notice the noncompliance of a collector with our final judgment order in a protest proceeding, as to which he purportedly acts under the congressional grant of power in section 515, limited to compliance with our judgment order, this court has the continuing jurisdiction of constitutional courts to enforce its judgments. That is a remedy more quickly available than protracted litigation of protest after protest.

Judgment should be entered dismissing these protests.