(C.D. 2139)

F. E. MACARTNEY, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 11, 1959)

*Wallace & Schwartz* (*Joseph Schwartz* and *Barnes, Richardson & Colburn* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard E. Fitzgibbon* and *Sheila N. Ziff*, trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: These protests were filed against the reliquidation of merchandise described as "ergoty screenings," by the collector at Duluth, Minn., pursuant to judgment of this court in certain suits entitled *F. E. Macartney* v. *United States*, 37 Cust. Ct. 427, Abstract 60381; *Id.* v. *Id.*, 38 Cust. Ct. 476, Abstract 60670. There is no question that the collector's reliquidation was in compliance with the judgment orders that were entered in these suits. The current protests attack reliquidation as to 10 entries out of an aggregate of 17 entries that were covered by the prior litigation, all entries having to do with similar merchandise.

Plaintiff now argues, and for the first time, that the original liquidations which it duly protested and which were litigated in this court, the litigation resulting in the above-noted judgments, were void because there had been no valid appraisement of the entered merchandise. The merchandise was appraised as an entirety. Indeed, much of it was so entered. Plaintiff now thinks it should have been appraised separately as to the screenings and the ergot content of the ergoty screenings.

While plaintiff's original protests recited, in the printed matter of the form of protest that was used, the "further claim that the assessment of duties made herein is illegal and void," no ground for that claim was specified, as section 514 of the Tariff Act of 1930 requires. There was no request for protest amendment to make such specification. The sole protest claim which plaintiff litigated was that the ergot content of the ergoty screenings should be classified free of duty under paragraph 1728 of the Tariff Act of 1930, and that the remainder of the content was dutiable as screenings at 2½ per centum ad valorem under paragraph 731 of the act.

These suits (249301–K, 249313–K, 249294–K, 249295–K, and 249299–K) were submitted to the court on the following stipulation, which was signed by counsel for both plaintiff and defendant:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked A and initialed (Examiner's Initials) by Examiner (Examiner's Name) on the invoices covered by the protests enumerated in Schedule A, at-

tached hereto and made a part hereof, and assessed with duty at 2½% ad valorem under Par. 731, Tariff Act of 1930, as modified by T.D. 51802, consist of ergoty screenings similar in all material respects to the ergoty screenings, the subject of *Universal Laboratories* v. *United States*, C.D. 1715, wherein it was held that the ergot content was free of duty under Par. 1728, Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that the actual percentage of ergot contained in each shipment is the percentage noted in said Schedule A.

IT IS FURTHER STIPULATED AND AGREED that the record in said C.D. 1715 be incorporated into the record of the instant protests and that said protests be submitted on this stipulation, the protests being limited to the items marked A as aforesaid.

On this record, the decision of the court sustained the several protests. Pursuant thereto, the following judgment orders were entered:

That the claim made in each of the protests set forth in Schedule A, attached hereto and made a part hereof, that ergot contained in ergoty screenings is free of duty under paragraph 1728 of the Tariff Act of 1930, and that screenings contained in ergoty screenings is dutiable at 2½ per centum ad valorem under paragraph 731 of the said act, is sustained as to that merchandise represented by the items marked with the letter A and with the initials of an examiner on the invoices covered by these protests.

That the ergot content of the merchandise marked with the letter A, and with the initials of an examiner on the invoices covered by these protests, is the respective percentages of said merchandise set forth in Schedule A.

The collector is directed to reliquidate the entries and make refund accordingly.

Plaintiff's present protests, filed against reliquidation, pursuant to these judgment orders, claim:

. . . that the appraisement of the merchandise was invalid, null and void because the ergot and the screenings were appraised as entireties and should have been appraised as separate entities.

We claim further that the reliquidations are likewise invalid, null and void.

There are some differences of opinion in the court as to whether protest is a remedy that is available to importers against reliquidation by a collector pursuant to the final judgment order of the court. *Lekas & Drivas, Inc., et al.* v. *United States*, 41 Cust. Ct. 413, Abstract 62479, and cases there cited. In general it appears that those judges who support the right of protest have done so because the collector, either willfully or negligently, has failed in his reliquidation to conform to the final judgment order of the court. No case is cited, and research has not disclosed any case, in which protest against reliquidation has been sustained on a ground that was not presented to the court when the original judgment order for reliquidation was entered.

We do not consider the *pro forma* recital of nullity in the original protests as raising the claim that is now urged. Section 514 requires a plaintiff to set forth "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the

objection thereto." The protests in suits 249301–K, 249313–K, 249294–K, 249295–K, and 249299–K did set forth particulars as to the claim for separate duty classification. That claim was litigated and it was decided. The protests set forth no such claim as to appraisement, nor did they claim that the appraisements were invalid. No proofs were adduced as to that issue. To the contrary, the stipulation on which the suits were submitted recited the percentage of ergot contained in merchandise described as "ergoty screenings."

From all this, it was fair inference that only the percentage of such content and the right to separate duty classification were in issue.

Plaintiff's present protests come too late. Regardless of the merits of the claim that is now urged, as to which we need express no opinion, plaintiff's opportunity to raise the issue has passed. Plaintiff had ample opportunity to raise the issue.

If plaintiff believed that appraisement of ergoty screenings as an entirety was unlawful, plaintiff could have appealed to this court for reappraisement of the merchandise, and this notwithstanding the fact that several of the entries were made at entirety values.

If, not having appealed to reappraisement, plaintiff after liquidation had wished to question the validity of the appraisements, it might have done so by timely protest. It did not do this. Had it protested on that ground, the court, upon hearing the protest, might have declared the appraisement invalid or void, and, in such case, the court would have remanded the matter to a single judge to determine the proper dutiable value of the merchandise. 28 United States Code, section 2636 (d).

It will be observed that such remander is conditioned upon a protest that raises the issue, a hearing of that protest, and a declaration of the court that the appraisement was invalid or void. Without such declaration, there can be no remander; and the appraisement (as it became final, pursuant to law) will stand.

The language of section 514 should also be noted. The last sentence of that section states:

. . . The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Question of the validity of the appraisements was not involved in the reliquidations here. The collector made no decision of any kind with respect to the validity of the appraisements. He reliquidated, pursuant to the judgment orders of this court in a classification litigation, without changing the appraised valuations which plaintiff had allowed to become the final appraised values of the merchandise.

The protests are dismissed.